[No. 13097.   Department Two. — June 26, 1891.]

GEORGE B. MOWRY, APPELLANT, v. GEORGE A. RAABE ET AL., RESPONDENTS.

LIBEL — DISTRIBUTION OF CIRCULARS — CHARGE OF SELLING DISEASED PORK — JUSTIFICATION — INSUFFICIENT PROOF. — In an action against the members of a "Butchers' Protective Union," for damages for distributing printed circulars charging the plaintiff, a retail butcher, with selling his customers " Chinese pork and lard which contained the seeds of disease, and spread pestilence and death," proof that the pork sold by the plaintiff was obtained from the Chinese, and that the Chinese often sold diseased pork, is insufficient to constitute the defense of justification, in the absence of evidence that the pork sold by the plaintiff was diseased, or would spread the seeds of disease and death.

ID. — OBJECT OF BUTCHERS' UNION — REFUSAL OF PLAINTIFF TO BECOME A MEMBER — EVIDENCE — REASONS OF PLAINTIFF. — In such action, where it was claimed that one object of the butchers' union was to prevent the sale of unsound pork by the Chinese, it was not error to allow the plaintiff to explain that he had other reasons for refusing to join the union than a desire to deal in such pork.

ID. — JUSTIFICATION — IMPLICATION OF MALICE — EVIDENCE — MALICIOUSNESS OF CHARGE. — Where the defendants justify the publication of libelous matter on the ground that it was true, they must prove the truth of the charge, to rebut the legal implication of malice, and cannot properly be asked whether they had any malice at the time of the publication.

ID. — PERSONAL ILL-WILL. — Although a defendant charged with libel may show in mitigation, by his own testimony, that he was not actuated by ill-will or a feeling of personal spite, yet such evidence is not sufficient to disprove that malice which constitutes a necessary ingredient of the cause of action, and which the law implies from the falsity of the libelous publication.

NEW TRIAL — ORDER GRANTING — NEWLY DISCOVERED EVIDENCE — ABUSE OF DISCRETION. — Although the granting of a new trial on the ground of newly discovered evidence is specially within the discretion of the trial court, yet where the moving party makes no showing as to diligence, and the contrary appears by counter-affidavits, and the newly discovered evidence is merely cumulative, and does not meet the exigencies of the case, such order is an abuse of discretion, and will be reversed upon appeal.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion.

*Langhorne & Miller*, for Appellant.

Malice is presumed from the publication of the libel. (*Dixon* v. *Allen*, 69 Cal. 527; Townshend on Slander and Libel, sec. 388; Odgers on Slander and Libel, sec. 275.) To rebut the presumption of implied malice, or evidence of express malice, defendant may plead and give evidence of mitigating circumstances. (*Lick* v. *Owen*, 47 Cal. 252.) But the denial of the defendant, on the stand, that he was actuated by malice, is not proof of any mitigating circumstances. (*Lick* v. *Owen*, 47 Cal. 252; *Negley* v. *Farrow*, 60 Md. 175; 45 Am. Rep. 715; *Detroit Daily Post* v. *McArthur*, 16 Mich. 447.) The state of a man's mind can only be known by others through his acts. (*Fisk* v. *Chester*, 8 Gray, 508.) Previous intentions in actions of libel or slander are judged by subsequent acts. (*Dumont* v. *Smith*, 4 Denio, 319.)

*Lloyd & Wood*, and *J. D. Sullivan*, for Respondents.

TEMPLE, C.—This appeal is from an order granting defendants a new trial.

Plaintiff was a retail butcher, doing business at the corner of Grove and Laguna streets, San Francisco. The defendants constitute the " Butchers' Protective Union."

In July, 1886, they printed and circulated a great number of circulars, or dodgers, which read as follows:—

" Protect yourself and family."

" Don't sow the seeds of disease, and spread pestilence and death, by buying Chinese pork and lard."

" Geo. B. Mowry, of the New Hayes Valley Market, corner Grove and Laguna streets, sells Chinese pork and lard. This is a fact, and can be vouched for by the committee of the Butchers' Protective Union."

*"Buy your meats only where you see the Union sign."*

It was alleged in the complaint that by this circular defendants intended to, and did, charge that plaintiff

was engaged in selling his customers Chinese pork and lard, which contained the seeds of disease, and spread pestilence and death.

The defendants admitted the publication, but denied that it was malicious, and averred that it was true. On the trial, they offered evidence tending to prove that plaintiff purchased some pork from Chinese, which he sold to his customers, and also that the Chinese often sold diseased pork; but none which proved or tended to prove that the pork plaintiff sold was diseased, or would spread the seeds of disease and death. On the contrary, defendants' own witness testified that the particular pork sold by the plaintiff was sound, wholesome food.

The learned judge held, and we think correctly, that the justification required defendants to prove, not only that the pork sold by plaintiff was obtained from the Chinese, and was therefore what was known as Chinese pork, but also that it was unsound. They offered no evidence which tended to establish that fact.

The publication was therefore false and malicious. From the nature of the charge, it was calculated to injure the plaintiff.

The grounds upon which the new trial was granted do not appear. We have therefore carefully reviewed the grounds upon which the motion was based, as shown in the statement, and have come to the conclusion that there is nothing in any of them which would justify the order for a new trial.

The verdict was for three hundred dollars. There is clearly nothing in the *amount* of this verdict which can shock the moral sense of any one on the ground that it is excessive.

Nor was there anything improper in allowing plaintiff to explain why he refused to join the Butchers' Protective Union, even admitting that it was immaterial to the issue. It was claimed that one object of the union was to prevent the sale of unsound pork by Chinese, and

a prejudice would probably have existed against plaintiff at the start, unless he could explain that he had other reasons than a desire to deal in such commodities. The defendants could not have been injured by it.

Nor do we think there was error in refusing to allow Raabe, one of the defendants, when testifying in his own behalf, to answer the question, " Did you have any malice against the plaintiff at the time of the publication of the alleged libel? "

The publication of matter false and libelous is, as matter of law, malicious. If the publication be admitted, as in this case, there is no way to rebut the implication of malice, except by proof of the truth of the charge. The defendant may, however, show, if he can, in mitigation, that he was not actuated by ill-will or a feeling of personal spite, and his own testimony directly to the point is competent evidence, tending to establish that fact. But no amount of testimony of this character can disprove that malice which constitutes a necessary ingredient of the cause of action.

It is true, the question is capable of being understood as referring only to ill-will, which is sometimes called actual malice, but on its face it was an attempt to disprove malice, and thereby show that plaintiff had no cause of action; and had it been allowed, defendants would perhaps have claimed, in submitting the case to the jury, that this necessary ingredient of plaintiff's cause of action did not exist. It was not an abuse of discretion on the part of the trial court to sustain the objection to the question in this form, thereby compelling defendants, if they desired to pursue the matter further, to propound such questions as could not have been misunderstood.

The affidavits, which it is claimed show newly discovered evidence, do not justify the order granting a new trial.

1. No diligence is shown. It is true, this is a matter

specially within the discretion of the trial court, but not to the extent of requiring no showing as to diligence; and here there was practically none.

2. The counter-affidavit discloses facts which show conclusively that defendants were fully aware of the facts of the newly discovered evidence long before the trial; their own affidavits do not negative this.

3. The newly discovered evidence is entirely cumulative. In fact, the gist of it all was admitted by plaintiff in his own testimony. It only goes further, in showing in detail disgusting practices of the Chinese, calculated simply to intensify class prejudices already existing, and to extend the odium to plaintiff.

4. The proposed new evidence does not meet the exigencies of the case. In fact, unless it goes further, and shows that the Chinese sold no sound pork, it would be irrelevant and immaterial.

The other alleged errors there is plainly nothing in, and there was no conflict of evidence upon any material point.

We think the order granting a new trial an abuse of discretion, and advise its reversal.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order granting a new trial is reversed.

Hearing in Bank denied.