[Civ. No. 16533. First Dist., Div. Two. Mar. 12, 1956.]

CHARLES BOYNTON et al., Appellants, v. McKALES
(a Corporation) et al., Respondents.

Vernon W. Humber and John Wynne Herron for Appellants.

Barfield & Barfield and Alexander, Bacon & Mundhenk for Respondents.

NOURSE, P. J.—Charles Boynton, then a minor 20 years of age, was seriously injured when standing at night next to his parked car in the traveled portion of the Great Highway in San Francisco. He was hit by the car of defendant Brooks, who at that time was returning home from a banquet given by his employer, McKales, a corporation, to its senior employees. Charles and his father obtained verdicts against both Brooks and McKales. Brooks had pleaded guilty to a charge of violation of section 501 of the Vehicle Code (illegally causing bodily injury when driving under influence of liquor). McKales' motions for nonsuit, directed verdict and judgment notwithstanding the verdict, based on the contention that Brooks as a matter of law was not acting within the scope of his employment when the injury occurred, were denied. Both defendants moved for a new trial on several grounds, those of defendant Brooks including "newly discovered evidence," those of defendant McKales not. Both motions were granted by one order on the ground of "newly discovered evidence." The plaintiffs' notice of appeal from said order mentions the granting of the motion of defendant Brooks only. Both defendants cross-appealed as will be stated hereinafter. The plaintiff in singular will herein mean the plaintiff Charles Boynton.

1. Plaintiffs' appeal as to defendant Brooks and Brooks' cross-appeal.

Although plaintiffs' main argument on this appeal is that the court had no discretion to grant a new trial on the ground

of "newly discovered evidence" because no affidavit made any showing of diligence in endeaving to discover the evidence before the trial, two other grievances must be reviewed first.

It is contended that Brooks' motion for a new trial was filed after the expiration of the statutory time. Said time is governed by section 659 of the Code of Civil Procedure, which as amended in 1951 reads in part: "The party intending to move for a new trial must, either (1) before the entry of judgment and, where a motion for judgment notwithstanding the verdict is pending, then within five (5) days after the making of said motion, or (2) within ten (10) days after receiving written notice of the entry of the judgment, file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial . . ." On April 1, 1954 defendant McKales made a motion for judgment notwithstanding the verdict but defendant Brooks did not file any such motion. Brooks filed his motion for a new trial in accordance with the first alternative of section 659 before the entry of judgment, but did not file it within five days after McKales made its motion for judgment n.o.v. (McKales filed its motion for a new trial within said five days.) The question is therefore presented whether the requirement of filing within five days applies to all parties to an action if any of them has made a motion for judgment n.o.v. or only to those parties to whom the verdict to be disregarded relates. The question has not been decided before. It would seem that the latter construction is well within the language of the statute as the words "where a motion for judgment notwithstanding the verdict is pending" need not include the pendency of a motion with respect to a verdict or a part of a verdict which does not relate to the party moving for a new trial and independent of which a judgment with respect to the latter party could be entered under sections 578 and 579 of the Code of Civil Procedure. A decision as to Brooks, the direct actor, is possible, independent from a decision as to the liability of McKales under the doctrine of *respondeat superior*. (*Cf. Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 248 [116 P. 513] ; *Fearon* v. *Fodera*, 169 Cal. 370, 377 [148 P. 200, Ann.Cas. 1916D 312].) It seems then more reasonable to restrict the requirement of filing within the above five days' period to the party who made the motion for judgment n.o.v. and the adverse party or parties to it as mentioned in section 629 and 659 of the Code of Civil Procedure. In this case Brooks could not be consid-

ered to have an interest adverse to McKales' motion for judgment n.o.v.

It is also contended that the affidavits filed by Brooks in support of his motion for a new trial on the ground of "newly discovered evidence" could not be considered at all because they were filed three days late and that the relief granted by the court from said default under section 473 of the Code of Civil Procedure was ineffective. Notice of appeal was filed also with respect to the order granting said relief. The contention is without merit. ■ Section 659a of the Code of Civil Procedure expressly permits the extension by the court of the 10 days' period for filing the affidavits for an additional period not exceeding 20 days. The 10-day period is then clearly not jurisdictional. In contrast to the period for filing the motion for a new trial the extension of which is expressly prohibited by section 659, the 10-day period for filing affidavits is not so limited. ■ Hence the trial court can grant relief from default under section 473 at any rate to the extent to which it could have granted extension in advance. (See *Faeh* v. *Union Oil Co.*, 107 Cal.App.2d 163, 169 [236 P.2d 667].) ■ "In the absence of any express provision to the contrary, the court has power to grant relief from such a default under the broad provisions of section 473." (*Lane* v. *Pacific Greyhound Lines*, 30 Cal.2d 914, 917 [187 P.2d 9] ; see also 3 Witkin, California Procedure, 2099.) The order granting relief will be affirmed.

■ However, the affidavits filed were fatally defective in that they did not make any showing of diligence. The following language of *Slemons* v. *Paterson*, 14 Cal.2d 612 at pages 615-616 [96 P.2d 125] is applicable : "While the granting or denial of a motion for a new trial upon the ground of newly discovered evidence is generally a matter within the discretion of the trial court, and such an order will be affirmed unless a clear abuse of discretion is shown, this rule has no application where the affidavit or other evidence upon which the order is made furnishes no basis for the exercise of such discretion. Such is the situation in the case at bar. The affidavit . . . is so lacking in essential particulars that it afforded no basis for the exercise of the discretion of the trial court in granting the motion. . . . It is a matter of public interest that there be an end to litigation and that a new trial should not be granted for the purpose of enabling a party to produce further evidence unless he has shown some legally justifiable excuse for not having produced such evidence at the former

trial. (Code Civ. Proc., § 657, sub. 4) The affidavits supporting the motion must show that there has been no lack of diligence (citations)." The same rule was applied in reversing an order granting a new trial in *Mowry* v. *Raabe,* 89 Cal. 606, 609-610 [27 P. 157]; *Edwards* v. *Floyd,* 96 Cal.App.2d 361 [215 P.2d 117]; *Henningsen* v. *Howard,* 117 Cal.App.2d 352, 355 [255 P.2d 837].

In our case no affidavit whatever by either defendant or by any attorney of defendants or by any agent of defendants or their attorneys was filed. The only two affidavits filed were by two persons who stated that they arrived at the place of the accident immediately after it took place and who relate certain observations they made conflicting with some of the evidence received at the trial. The affidavit of one of them contains also the following language on which respondent relies as showing diligence in investigating the evidence: "After the accident, I dismissed the same from my mind and thought nothing more of it until I read an article in one of the local newspapers describing the accident and incident on the Great Highway." Evidently this statement is wholly without value in showing diligence. Not only does it not state the relation of the time of the reading of the newspaper article, or the time the witness came into contact with respondent, with the time of the trial, but it does not give the slightest indication that respondent or his attorney did not know the affiant, who was present at the time of the accident or could not have timely obtained his name (which was known to the police, but not stated in the report on the accident). (*Cf. Gaskill* v. *Pacific Elec. Ry. Co.,* 30 Cal.App. 593, 597 [159 P. 200].)

Respondent Brooks contends that reply affidavits offered by him but stricken by the court on motion of plaintiffs and not part of the record should be considered to aid in supporting the order granting the new trial on the ground of newly discovered evidence. We do not agree. The record shows that the plaintiffs continuously took the position that the affidavits offered by Brooks were fatally defective in not showing diligence, but that when the court seemed disinclined to deny Brooks' motion on that ground they filed counteraffidavits for the purpose of showing that by due diligence defendants could have known of the affiants in time to hear them as witnesses at the trial, and for the purpose of rebutting the factual statements in their affidavits. Respondent then offered reply affidavits for the alleged purpose of rebutting new

matter contained in the counteraffidavits. Said affidavits of respondent were not offered as supplements to the original affidavits because the 20 days' permissible extension period of section 659a, *supra*, had already passed. Even if under some circumstances reply affidavits could be permitted although they were not mentioned in the statutory provisions governing the matter to which they relate, as to which point we express no opinion, there was here no error or prejudice in striking the reply affidavits because they were as superfluous as the counteraffidavits, the original affidavits being insufficient as a matter of law to support the granting of a new trial on the ground of newly discovered evidence, as held hereinbefore.

Respondent Brooks further urges that, even if the order granting a new trial cannot be upheld on the ground of newly discovered evidence on which it was specifically granted, it should be affirmed if it is justified on any other ground stated in his motion, except insufficiency of the evidence or grounds for which supporting affidavits are required which were not filed; that appellant has the burden of affirmatively showing in his opening brief that the order cannot be sustained on any such ground, and that because the opening brief was restricted to the ground of newly discovered evidence the order must be affirmed irrespective of the actual existence of any such ground. ■ It is true that an order granting a new trial will be affirmed if it may be sustained on any ground (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338]) but respondent does not cite any authority for his contention that a failure of appellant to give in his opening brief a negative analysis of all points which ingeniousness might detect as possible grounds for a new trial must be punished by affirmance and we will not follow it. ■ The only ground actually urged by respondent in the court below over and above the ground of newly discovered evidence was that "the instructions on proximate cause omitted a concurring cause instruction (BAJI 104A) as requested by defendant Brooks. Since the jury was not instructed that two or more causes may be a proximate cause of an occurrence, in effect the Court took away from the jury the question of *contributory* negligence by implying that the accident could be due to the fault of one or the other but not both." The contention, repeated on appeal, is without merit. The instruction may sometimes be required where concurrent negligent acts of different defendants may have

contributed to the injury, (e.g., in *Dieterle* v. *Yellow Cab Co.*, 53 Cal.App.2d 691 [128 P.2d 132]), but such is not the case here. The instruction could only have related to the alleged contributory negligence of plaintiff and on the meaning and legal effect of such contributory negligence the jury were fully instructed. Among other things they were instructed as follows: "An injury may be sustained either through the negligence of the plaintiff or the defendant or through the negligence of both . . . If you find that the defendant was negligent and that the plaintiff was also negligent, and that the plaintiff's negligence contributed proximately to his injury, the plaintiff cannot recover." This instruction fully covered the subject of concurring cause insofar as involved in this case. It was therefore no error for the trial court not to give the BAJI instruction No. 104A. We note that we do not find this instruction in the record as offered by defendant Brooks and refused.

■ Respondent further contends that it was error justifying a new trial to refuse to instruct in the language of section 19 of the San Francisco Park Code, which in substance requires parking on the extreme right immediately adjacent to the planted portion of the road or grounds. Plaintiff testified that he so parked his car with the right wheels in a gutter on the extreme right of the road; other testimony accepted by respondent as true places the car still further to the right with its right wheels on the grass. If this might have been a violation of the ordinance it would have placed the car in a still safer position and could not have contributed to the accident. Hence the refusal of an instruction on this provision was correct.

■ Finally respondent urges that the order granting a new trial could be sustained on the ground that the verdict was against law in that it was against the instructions as to contributory negligence *per se* given to the jury (*Hawkinson* v. *Oesdean*, 61 Cal.App.2d 712, 716 [143 P.2d 967]) and because the evidence was insufficient in law and without conflict in any material point in showing that plaintiff was contributorily negligent *per se* (*Verzola* v. *Russi*, 135 Cal. App.2d 330, 331 [287 P.2d 166] and cases there cited). Said negligence *per se* is predicated on violation of sections 564 and 596.6 of the Vehicle Code and the sections of the San Francisco Park Code read to the jury. Section 564, *supra*, requires a pedestrian to walk close to his left hand edge of the roadway. According to the evidence pointed out by respond-

ent himself plaintiff was not a pedestrian and was not walking on the roadway, but standing next to his car installing the side curtains on the left side of his car. If this is so section 564 of the Vehicle Code was not violated and such violation had certainly not been proved without conflict. Section 596.6 of the Vehicle Code among other things forbids leaving open a car door at the side available to moving traffic longer than necessary to load or unload passengers. As plaintiff was installing the side curtains with the door at the traffic side open it may well be that he was in violation of section 596.6 *supra,* but whether said violation proximately contributed to the accident normally remained a question of fact for the jury (*Satterlee* v. *Orange Glenn Sch. Dist.,* 29 Cal.2d 581, 590 [177 P.2d 279].) It may well be that plaintiff would have been hit in the same way if he had been standing in the same place with the door closed and respondent does not point out any evidence showing that in this case the only possible inference was that the fact that the door was open proximately contributed to the accident. An instruction on proximate cause in relation to violation of statute was given. The question of violation of section 19 of the San Francisco Park Code has been treated before and respondent does not point out any violation of said code of which plaintiff might have been guilty independent from the alleged violation of section 19 which we have rejected.

As no ground justifying the granting of a new trial to defendant Brooks remains, the order granting said new trial will be reversed. Defendant Brooks' cross-appeal from the judgment against him, taken as a precaution in case the order granting a new trial would be reversed, is based on insufficiency of the evidence to support the judgment because plaintiff was contributorily negligent as a matter of law having violated the above mentioned sections of the Vehicle Code and the Park ordinance. No other violations are mentioned than those treated with respect to the appeal from the order for a new trial. As we have found in that respect that there either was no violation or that the question whether the violation proximately contributed to the accident presented a question of fact for the jury as to which conflicting inference could reasonably be made, the appeal is without merit and the judgment as to defendant Brooks will be affirmed.

2. Plaintiffs' appeal as to the granting of a new trial with respect to defendant McKales and the cross-appeal of McKales from the order denying its motion for judgment n.o.v.

The primary question presented in this respect is whether the plaintiffs' appeal extends to McKales. It is the contention of McKales that it does not and that this court lacks power either to affirm or reverse the order granting a new trial with respect to McKales. The essential part of the order filed on June 2, 1954, reads: ''Whereupon it is ordered by the Court that defendants McKales, a corporation and Arthur Brooks' Motions for New Trial be and the same are hereby granted on the grounds of newly discovered evidence.'' Plaintiffs' notice of appeal filed June 20, 1954, shows that they appeal from: ''That certain Minute Order granting the defendant Arthur Brooks motion for new trial on the ground of newly discovered evidence, made and entered on the 2nd day of June, 1954.''

There was only one minute order of that date and that one order granted the motions for a new trial of both defendants. The question becomes then whether the notice of appeal must be construed as an appeal of the whole order badly described or as an appeal from that part of the order which grants the motion of defendant Brooks only.

The notice of motion for a new trial of defendant Brooks mentioned among other grounds the one of newly discovered evidence but the notice of motion of defendant McKales did not mention said ground. For that reason affidavits of McKales in support of the granting of its motion on the ground of the newly discovered evidence were stricken. (Both McKales and Brooks urged at the hearing of their motions also one or more of the other grounds stated therein.) The trial judge expressly stated that he wished to grant the new trial on the ground of newly discovered evidence only but that, if the new trial as to the employee Brooks was granted on that ground, McKales the employer also was entitled to a new trial because he could only be liable on the basis of *respondeat superior* if Brooks was liable. (Accord: *Hoffmann* v. *Lane,* 11 Cal.App.2d 655, 661 [54 P.2d 477] ; *Bishop* v. *Superior Court,* 59 Cal.App. 46 [209 P. 1012].) The notice of appeal seems to have been formulated, without consultation of the actual text of the order, on the theory that the court could not grant a new trial to McKales on the ground of newly discovered evidence, not contained in its notice of motion (*Sitkei* v. *Frimel,* 85 Cal.App.2d 335, 337 [192 P.2d 820] ) and on the supposition that therefore the new trial on that ground had only been granted to Brooks leaving the liability of McKales to the automatic effect of a possible holding of non-

liability of Brooks. It is clear that appellants did not intend to leave an order for a new trial as to defendant McKales intact if they succeeded in obtaining reversal of the order as to Brooks on their appeal and defendants also must have understood this. That defendant McKales was not misled is shown by the fact that after the appeal of plaintiffs it filed a cross-appeal from the order denying motion for judgment notwithstanding the verdict which under section 629 of the Code of Civil Procedure could not be reviewed unless the adverse party appeals from the order granting a new trial. Justice will better be served by a consideration of the whole matter on this appeal. For our construction of the notice of appeal as relating to the whole order of June 2d, 1954 we find authority in *Holden* v. *California Emp. etc. Com.*, 101 Cal. App.2d 427 [225 P.2d 634]. In that case the appeal was taken from a judgment which expressly excluded from its operation one of the adverse parties; after the appeal was taken from said judgment a separate formal order was filed concerning the adverse party originally excluded; no appeal was taken from that order. It was held that the notice of appeal was effective as to all respondents considering that it was clear that appellant was seeking full review, that nobody was misled, that notices of appeal are to be liberally construed to permit, if possible, a hearing on the merits and that appeals were held effective notwithstanding misdescription of the judgment or order appealed from (pp. 430-431). The case was followed in a similar situation in *Girard* v. *Monrovia City School Dist.*, 121 Cal.App.2d 737 [264 P.2d 115].

As under our above interpretation there are before us valid appeals both from the order granting a new trial to defendant McKales and from the order denying its motion for a judgment notwithstanding the verdict, we will first review the appeal from the latter order which is earlier in date.

McKales predicates error in the denial of its motion on the contention that no recovery against it could be had on the basis of *respondeat superior* because when the accident happened Brooks, in driving home from the banquet he had attended, was as a matter of law not acting in the scope of his employment, the evidence allegedly showing without conflict that said banquet was a social affair, attended by Brooks for his own pleasure without any direct or indirect compulsion from his employer and that for that reason the evidence was insufficient to bring the case within the exception to the

"going and coming rule" known as the "special errand rule."
 If the employee is not simply on his way from his home to his normal place of work or returning from said place to his home for his own purpose, but is coming from his home or returning to it on a special errand either as part of his regular duties or at a specific order or request of his employer, the employee is considered to be in the scope of his employment from the time that he starts on the errand until he has returned or until he deviates therefrom for personal reasons. (*Robinson* v. *George*, 16 Cal.2d 238, 245 [105 P.2d 914]; *Los Angeles Jewish etc. Council* v. *Industrial Acc. Com.*, 94 Cal. App.2d 65, 69 [209 P.2d 991]; *London Guar. & Acc. Co.* v. *Industrial Acc. Com.*, 190 Cal. 587, 589 [213 P. 977]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 89 Cal.App. 197, 200-201 [264 P. 514].) To such special missions the general test as to scope of employment applies. It is not necessary that the servant is directly engaged in the duties which he was employed to perform, but included are also missions which incidentally or indirectly contribute to the service, incidentally or indirectly benefit the employer. (*Kish* v. *California State Auto. Assn.*, 190 Cal. 246, 249 [212 P. 27]; *Dolinar* v. *Pedone*, 63 Cal.App.2d 169, 175 [146 P.2d 237]; *May* v. *Farrell*, 94 Cal.App. 703, 712-713 [271 P. 789].)
 The attendance at a social function, although not forming part of the normal duties of the employee, may come under the "special errand rule" if the function or the attendance was connected with the employment and for a material part intended to benefit the employer who requested or expected the employee to attend. In *Loos* v. *Boston Shoe Co.*, 123 Cal.App.2d 564 [266 P.2d 884] in which case there was an evening meeting of salesmen at the employing company's office preceding which the company took the men to dinner, it was stated (obiter) with respect to Carey, one of the salesmen: "It was expected of Carey that he would attend the dinner and the company meeting, and he was acting in the performance of his duties when he went to the company office, joined the other men, went to dinner and returned with them to the office." (P. 569.) (For cases under Workmen's Compensation law see 2 Hanna, The Law of Employee Injuries and Workmen's Compensation 171-172; *Irwin* v. *Terminix Co. of Southern Calif.*, 5 Cal. Comp. Cases 75; *Dykes* v. *Western Pipe & Steel Co. of Calif.*, 9 Cal. Comp. Cases 288; *Dinwiddie* v. *Board of Trustees, Geyserville High School*, 8

I.A.C. 143; *McClay* v. *Shull*, 11 I.A.C. 119, court hearing denied p. 310; *McCormick* v. *Glover*, 11 I.A.C. 61.) The fact that Brooks was driving his own car when the accident occurred does not present a problem and is correctly not treated as such by the parties. ▮ If the employee is within the scope of his employment when he inflicts injuries, the fact that the automobile which caused the injury belonged to the employee will not relieve the employer from liability if the employee's use of his car was with the express or implied consent of the employer. (*Ryan* v. *Farrell*, 208 Cal. 200, 202 [280 P. 945]; *Curcic* v. *Nelson Display Co.*, 19 Cal. App.2d 46, 51-52 [64 P.2d 1153]; *Dillon* v. *Prudential Ins. Co. of America*, 75 Cal.App. 266, 270-271 [242 P. 736].) The use of a car by an employee who owns one and has a driver's license has become so normal in California that implied consent will soon be accepted, certainly when like in this case the employee lives somewhat outside the city at a considerable distance from the location of the special event he is expected to attend. ▮ The only decisive question is therefore whether the character of the banquet and the employer's relation to it were such that Brooks' attendance could be reasonably considered within the scope of his employment. If there is any substantial conflict in the evidence in this respect or conflicting inferences can reasonably be drawn from it such is a question of fact for the jury. (*Fields* v. *Sanders*, 29 Cal.2d 834, 835, 842 [180 P.2d 684, 172 A.L.R. 525]; Rest., Agency, § 228, com. d, cited in *Loper* v. *Morrison*, 23 Cal.2d 600, 605 [145 P.2d 1].)

▮ The evidence in this case shows that the banquet which defendant Brooks attended was the eleventh Annual "Five-Over" Banquet offered by defendant McKales to those of its employees who had been five years or more in its service. At such a banquet the employees who had been employed for 5, 10, 15 or 20 years were presented with lapel pins with the name of the firm and said number of years. The mimeographed invitations bore the signature of George F. Herrman, district manager and vice-president of McKales, in charge of the sales program. It contained the sentence: "Everyone will be looking forward to rejoicing with you on this occasion, but would appreciate your confirming your attendance." Of the 33 employees of sufficient seniority to receive an invitation only one or two failed to attend. Twelve were to receive 5-year pins, two 10-year and two 20-year pins. Brooks received a 5-year pin. He

attended although he did not feel well and had earlier in the day telephoned Mr. Herrman's office that for that reason he would not be able to attend. Over and above the senior employees some representatives of the firms whose products McKales sold were invited. Seven of them attended. Members of the families of employees were not invited. The dinner at $5.00 a plate was paid for by McKales and booked on its wholesale expense account. Liquor was provided and served by Vernon McKale, who was in charge of sales training. He was reimbursed by defendant McKales. At the banquet Mr. Herrman officiated. He sat at the head of the horseshoe table, with the guests from business connections and the oldest employees near to him, the others being placed according to seniority. At the end of the dinner the pins were presented with speeches mainly by Mr. Herrman. Each of the employees expressed his appreciation, including also Brooks. In the earlier part of the evening there was some accordion playing by an entertainer and some community singing. Brooks did not take part in it and was generally bored. He knew only four or five of the people present and was friendly with one at most.

Although Mr. Herrman and defendant Brooks, heard under section 2055 of the Code of Civil Procedure, testified that the banquet was purely social, a friendly get-together, without any compulsion to attend, the above evidence is open to the contrary inference, that it was an official company function with close relation to its sales program and intended to benefit the company by increase in the continuity of employment (*Cf. Ackerson* v. *Erwin M. Jennings Co.,* 107 Conn. 393 [140 A. 760, 156 A.L.R. 1127]) the attendance at which was at least expected from the employees. Hence the issue whether Brooks' attendance was within the scope of his employment was correctly left to the jury and its implied decision on this point was binding so that the motion for judgment notwithstanding the verdict was correctly denied and will be affirmed.

With respect to plaintiffs' appeal from the order insofar as it grants McKales' motion for a new trial, it is clear that, certainly after the reversal of the granting of a new trial as to Brooks, said order cannot be sustained on the ground of newly discovered evidence, a ground not mentioned in the notice of motion of McKales (*Sitkei* v. *Frimel, supra*). The other grounds propounded by McKales to justify the order are those also offered by respondent Brooks and treated and rejected in the first subdivision of this opinion and the grounds

offered in support of McKales' motion for judgment n.o.v. also found without merit. ▉ As there is no ground on which the granting of a new trial as to McKales can be sustained the order granting its motion for a new trial must also be reversed.

The judgment and the orders granting Brooks relief from the late filing of the affidavits in support of his motion for a new trial and denying McKales' motion for judgment notwithstanding the verdict are affirmed. The order granting Brooks' and McKales' motions for a new trial is reversed.

Dooling, J., and Kaufman, J., concurred.

Respondents' petitions for a hearing by the Supreme Court were denied May 9, 1956.