[Civ. No. 24953. Second Dist., Div. Four. Feb. 21, 1962.]

LEE EMMETT VIVION, Plaintiff and Appellant, v. THE NATIONAL CASH REGISTER COMPANY, Defendant and Respondent.

Edwin Silver, Ernest L. Graves and Arthur Sherman for Plaintiff and Appellant.

Ball, Hunt & Hart and Clyde C. Beery for Defendant and Respondent.

BURKE, P. J.—This is an action for damages for personal injuries sustained by appellant arising out of his being struck in a pedestrian crosswalk at an intersection by an automobile owned and operated by one Mrs. Mary Joyce Rauscher. Respondent herein was sued on the theory of respondeat superior under appellant's claim that Mrs. Rauscher was an employee of respondent acting within the course and scope of her employment at the time of the accident. Judgment was for defendant, respondent herein, from which appellant appeals.

Mrs. Rauscher, in her answer to the complaint, denied negligence on her part, denied that at the time of the accident she was an employee of respondent acting within the course and scope of her employment, and alleged contributory negligence on the part of appellant. Respondent also denied negligence on the part of Mrs. Rauscher and also denied that at the time of the accident she was an employee of respondent acting within the course and scope of her employment.

Respondent also alleged contributory negligence on the part of appellant.

Prior to the pretrial conference, appellant executed a covenant not to sue further as to Mrs. Rauscher in exchange for the sum of $4,250 paid by her. Prior to the commencement of the trial the action was dismissed as against Mrs. Rauscher with prejudice. The case was tried before a jury and resulted in a general verdict in favor of respondent. The verdict is recorded in the judgment in the action. Thereafter, the judgment contains the following recitation:

"Special Interrogatories Submitted by the Court and Answered by the Jury Following their Verdict.

"1. Was MARY JOYCE RAUSCHER negligent?

"Answer Yes.

"2. Did the negligence, if any, of MARY JOYCE RAUSCHER proximately cause the injuries of the plaintiff?

"Answer Yes.

"3. Was LEE EMMETT VIVION contributorily negligent?

"Answer 8 Yes, 4 No.

"4. Did the contributory negligence, if any, of LEE EMMETT VIVION contribute as a proximate cause to his injuries?

"Answer 8 Yes, 4 No.

"5. Was MARY JOYCE RAUSCHER, at the time of the accident, an employee of the defendant and acting within the scope of her employment?

"Answer 9 No, 3 Yes.

"Robert W. Stearns Foreman."

The reporter's transcript indicates that at the conclusion of the taking of evidence and prior to argument the court conferred with counsel outside of the presence of the jury concerning the matter of instructions and indicated that it would not present to the jury certain special interrogatories or special verdicts proposed by plaintiff. The court indicated, however, "I wouldn't request them to give special instructions as a part of the verdict, but after it's over and on my own, for what it's worth, if they come back with a defense verdict, I will send them back for those on my own for what it's worth."

When the jurors returned to the courtroom after their deliberations the following proceedings were had:

"THE COURT: Mr. Stearns, I understand you have arrived at a verdict. Just hand the verdict to the bailiff. Thank you. . . . I will read the verdict, and before I read the verdict I will have the clerk read the verdict. Before I do I want to

say that we are not quite through, because I am going to have to send you back for an answer to some special questions, but the clerk will now read the verdict.

"THE CLERK: (reading) 'Title of court and cause: We, the jury in the above entitled action, find for the defendant, The National Cash Register Company, a corporation, and against the plaintiff, Lee Emmett Vivion. This blank day of October, 1959, Robert W. Stearns, Foreman.'"

Then followed the polling of the jury after which the court stated:

"THE COURT: All right. Now I have this special verdict that I am going to have handed to the clerk. Actually it is some special interrogatories, and I want you to go back into the jury room and answer the questions that I have asked here, and I don't think that will be complicated because I assume that you already decided these questions, and I am going to read it to you and explain anything that these are the questions I want you to answer:"

The court then propounded the questions referred to in the judgment and directed the jurors to answer them "yes" or "no." The jury thereupon retired to answer the interrogatories after which counsel for the defendant entered its objections to the giving of the five special interrogatories after the general verdict.

The judge indicated "I wanted this special instruction because I felt that if there is an appeal by the defendant this would simplify an appeal. If, for example, they will have decided that the plaintiff is not entitled to recover simply on the agency matter, it would be much simpler to appeal.

"(The jurors returned to the courtroom at 4:45 o'clock P. M., whereupon the following proceedings were had:)

"THE COURT: Well, here are the answers, and you may put them down.

"One, yes; two yes; three, eight yes, four no; four no,—no, eight voted yes, four voted no; and number five is nine no and three yes."

The court then discharged the jury.

Before proceeding to consider the contentions of appellant it is necessary to determine the legal effect, if any, of these special interrogatories submitted as they were after the jury had rendered its general verdict. Section 625 of the Code of Civil Procedure provides in part, "In all . . . cases the court may direct the jury to find a special verdict in writing, upon all, or any of the issues, and in all cases may instruct

them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon." We believe it is the intent of this language to require the special verdicts to be given to the jury not later than the time the general verdicts are given to them. In 48 California Jurisprudence 2d, Trial, section 265, pages 271-272, it is noted, "The time for submitting special issues is not prescribed by the code, but it has been held that they may be submitted after argument and the giving of instructions to the jury." (Citing *Fresno Canal & Irr. Co.* v. *Warner*, 72 Cal. 379 [14 P. 37].)

Under the provisions of Code of Civil Procedure, section 618, "When the jury, or three-fourths of them, have agreed upon a verdict, they must be conducted into court, . . . and the verdict rendered by their foreman. . . . If upon such inquiry or polling, more than one-fourth of the jurors disagree thereto, the jury must be sent out again, but if no such disagreement be expressed, the verdict is complete and the jury discharged from the case." It is only when ". . . the verdict is announced, if it is informal or insufficient, in not covering the issue submitted, it may be corrected by the jury under the advice of the Court, or the jury may be again sent out." (Code Civ. Proc., § 619.)

 It was entirely discretionary with the judge whether or not special interrogatories should be propounded to the jury and having ruled against propounding them the sole determination before the jury was the rendition of their general verdict. Having rendered such verdict, nothing remained but for the judge to have discharged the jury from the case. We hold that the interrogatories presented and the answers given are of no effect in the determination of this appeal. In passing, however, it may be noted that the answers given to the interrogatories asked of the jury were entirely consistent with its general verdict.

While other matters are given some mention in the briefs of appellant and respondent, it is apparent that the principal issue presented by this appeal is whether Mrs. Rauscher was or was not acting within the course and scope of her employment at the time of the accident. Appellant maintains (1) Mrs. Rauscher was acting in the course and scope of her employment at the time of the accident as a matter of law; (2) the court erroneously instructed the jury on the issue of agency; and (3) the court erroneously excluded material evidence offered on this issue. Appellant also contends other

errors or misconduct occurred which prejudicially affected the impartial determination of the agency issue by the jurors and deprived plaintiff of a fair and impartial trial.

As of the date of the accident Mrs. Rauscher was employed as an installation girl by respondent. Her hours of employment were from 8 a. m. to 5 p. m., five days per week. Among her duties, she was to instruct new operators on machines sold to customers so they could handle accounting systems and accounting machines themselves and to take care of and fix minor mechanical troubles. There was no understanding between her and respondent that she was going to have extra training while on the job. There was to be no overtime and no overtime pay. Her duties also included giving demonstrations of the machines to various prospective purchasers in cooperation with the salesman when he was explaining the machine.

On the day of the accident she went to work at her usual time and returned home in the evening. She then had dinner. During that day while at the office she had not formed any intention to return to the office that night, but while at home that evening she did form that intention. She returned to the office at about 8:30 p. m. and left the office to return for home about 10:50 p. m. It was while she was on her way home from the office that night that she had the accident which formed the basis of this lawsuit.

She went to the office that night to prepare herself further for a demonstration of an accounting machine and form bar, which demonstration was to be given at the office the next day. The particular form bar had been built for the machine especially and individualized for the prospective customer. It was quite complicated. She had not been able to reach the point of proficiency in the operation of the machine and this form bar which she desired by 5 p. m. on the day the accident happened. She desired to be smooth as well as proficient and therefore extra practice would be to her advantage. She felt she could not accomplish this practicing the next morning except in extreme emergency, as it would conflict with her other duties which she wanted to be free to do. When she returned to the office that evening she did not know that Mr. Brousard, the senior salesman, who was going to demonstrate the machine and form bar the next morning, was going to be there. She did not work under the direction of Mr. Brousard. The sales manager was her supe-

rior. No employee of respondent, a superior, or otherwise, had requested her to come to the office that evening. She did not tell anyone connected with respondent that she was going to the office that evening. The demonstration to be given on the following day differed from the standard demonstration in that it involved a financial statement bar on the machine on which she had had only two days' experience. She had on three or four previous occasions worked in the evening in preparation for demonstrations to make herself more proficient in her work and at least once before she had gone home and come back in the evening and worked. On that occasion she had returned to do some typing on a sales presentation and had found salesmen present in the office.

She had been given a key to the office when she was hired. All of the 20 to 25 employees who worked at respondent's office had keys. It was customary and a part of her regular duties to prepare for these demonstrations by making demonstrations and experiments on the machine for herself before demonstrating to a customer. This included putting in forms and checking to see if the alignment and printing were correct. She gave these physical demonstrations when requested during the sales presentation at which time she and the salesman would work as a team.

At the time she was hired the questions of her means of transportation or availability to transportation were never discussed. She was not asked if she owned an automobile and no automobile expense was mentioned. She was not paid mileage for the use of her automobile at any time. She was told that when she would assist the salesman at a business establishment she would be taken to such establishment by the salesman and brought back. At the time she was hired by respondent she had been working for another company in charge of the accounting machine room. She had sought the employment with respondent because of the opportunity to learn much more about the type of machines she had been working with than she could obtain anywhere else. She terminated her employment with respondent about six months after the accident and thereafter obtained a position of full accountant at a hospital where she used a National Cash Register machine and she programmed the full accounting system. Her training and experience while employed by respondent assisted her in obtaining the position at the hospital and performing her duties and also in the preparation of the form bars she worked with.

Appellant maintains that respondent was responsible for the negligence of Mrs. Rauscher as a matter of law; that she was an agent of respondent and acting within the course and scope of her employment at the time of the accident. ■ Both sides concede that an employer is not liable for acts of its employees committed during trips taken by the employee in regularly commuting to and from his usual place of employment. This is the so-called "going and coming rule." (*Robinson* v. *George,* 16 Cal.2d 238, 244 [105 P.2d 914]; *Boynton* v. *McKales,* 139 Cal.App.2d 777, 788 [294 P.2d 733].) ■ There is an exception to the foregoing rule known as the "special errand rule" which the court stated in *Boynton* v. *McKales, supra,* 139 Cal.App.2d at page 789, to be as follows:

"If the employee is not simply on his way from his home to his normal place of work or returning from said place to his home for his own purpose, but is coming from his home or returning to it on a special errand either as part of his regular duties or at a specific order or request of his employer, the employee is considered to be in the scope of his employment from the time that he starts on the errand until he has returned or until he deviates therefrom for personal reasons. (Citations.)"

Thus in order to establish liability on the part of respondent facts must be established at the trial to bring the case within the "special errand rule." It is the view of the appellant that the undisputed facts in the case show that at the time of the accident Mrs. Rauscher was acting within the scope of her employment and that there is no substantial evidence in the record to support a contrary finding. The decisive question is whether there is any substantial conflict in the evidence or whether conflicting inferences can reasonably be drawn from the evidence adduced and if so, then it is a question of fact for the jury. (*Boynton* v. *McKales, supra,* 139 Cal.App.2d 777, 790.)

■ In each case involving scope of employment all of the relevant circumstances must be considered and weighed in relation to one another. (*Loper* v. *Morrison,* 23 Cal.2d 600, 605 [145 P.2d 1].) ■ In the latter case the court declared the factors to be considered, insofar as pertinent to that case (p. 606), ". . . are the intent of the employee, the nature, time, and place of his conduct, his actual and implied authority, the work he was hired to do, the incidental acts that

the employer should reasonably have expected would be done, and the amount of freedom allowed the employee in performing his duties.''

In the case before us there is no evidence that Mrs. Rauscher came to the office, her regular place of employment, on the night of the accident at any order or request of her employer, the respondent. The question is: when en route home at the time of the accident was she returning from a ''special errand'' as part of her regular duties? We believe from the outline of the facts given above this was an issue to be determined by the jury. (*Loper* v. *Morrison, supra*, 23 Cal.2d 600; *Boynton* v. *McKales, supra*, 139 Cal.App.2d 777.)

No case has been cited by appellant holding that a trip connected with permitted activities of an employee without expectation, express or implied, or request therefor by his employer, will make the employer liable to third persons for acts of the employee during such trip. None of the cases cited by plaintiff hold that the mere fact that such trip may be related to the employment will impose liability upon the employer. As indicated in *Boynton* v. *McKales, supra*, 139 Cal.App.2d 777, such trip must be at least expected of the employee by the employer. On the other hand, as stated in *Boynton* v. *McKales, supra*, 139 Cal.App.2d at p. 789, it is not necessary that the servant be engaged in the direct performance of the duties which he was employed to perform, for also included within the scope of the servant's employment are those acts which incidentally or indirectly contribute to the service.

We believe the question as to whether Mrs. Rauscher was in the course and scope of her employment at the time of the accident is a question of fact which was properly submitted to the jury and that it would have constituted error for the trial judge to have resolved this issue and to have instructed the jury that Mrs. Rauscher was acting in the scope of her employment by respondent at the time of the accident.

With reference to the instructions given by the court to the jury, appellant asserts that the court failed properly to instruct the jury with respect to the agency question. Appellant notes that the court refused to give a number of instructions offered by the appellant on this subject. We have reviewed all of the instructions given and believe the court fully and properly instructed the jury with respect to the law of

the case. It gave a lengthy instruction on the subject of agency which was entirely adequate.[1]

Appellant contends that the court erred in refusing to permit parts of the depositions of certain witnesses to be read into evidence. ▮ With respect to the witness, Mrs. Rauscher, the action having been dismissed as against her, she was no longer a party to the record. Neither was Mrs. Rauscher at the time of the taking of her deposition an officer, agent or employee of the respondent, having terminated her employment about six months after the accident. Under these circumstances, she does not come within the categories mentioned in Code of Civil Procedure section 2016, subdivision (d) (2). This section permits the depositions of persons who come within the categories enumerated to be used by an adverse party for any purpose.

▮ With respect to the witness Brousard, the latter was an employee of respondent at the time of the taking of the deposition and therefore, under the provisions of the aforementioned code section, appellant should have been

---

[1]DEFENDANT'S REQUESTED JURY INSTRUCTION NO. H. As you have learned from the evidence in this case, Mary Joyce Rauscher, the owner and the operator of the motor vehicle involved in the accident, is not a party to these proceedings. The defendant, National Cash Register Company, has been sued on the theory that it was the principal for whom Mary Joyce Rauscher was acting as agent within the scope of her authority at the time of the events out of which the accident occurred. Whether the facts support this theory is an issue that you may have to decide, inasmuch as Plaintiff's contentions in this respect are denied.

If you should find that Mary Joyce Rauscher was not negligent, or if she was so negligent, that her negligence was not a proximate cause of the injury to the plaintiff, or if you should find in favor of the defense of contributory negligence, then, of course, it would not be necessary to consider the question of agency, because in that event the defendant could not lawfully be held liable even if agency existed.

But if you should find that Mary Joyce Rauscher was negligent, and that her negligence was a proximate cause of injury to plaintiff, and that the evidence does not support the defense of contributory negligence, then you must decide whether, at the time of the accident, she was acting as agent for the defendant and within the scope of her authority. If you find either that Mrs. Rauscher was not then the agent of the defendant, or, if the agent, was not acting within the scope of her authority, then your verdict must be in favor of the defendant; but if you find that Mrs. Rauscher then was acting as the agent of the defendant and within the scope of her authority, and if you will have found in plaintiff's favor on the other issues mentioned in this instruction, then your verdict must be for the plaintiff.

B.A.J.I. 54-C, adapted

Given as requested

Hon. Kenneth E. Sutherland,

Judge.

permitted to use his deposition for any purpose. In this respect it is to be noted, however, that the witness Brousard was cross-examined under the provisions of Code of Civil Procedure section 2055 by appellant and also examined on redirect. There is no indication that his testimony, as set forth in the deposition, would have been substantially different from the testimony given by him at the trial. If error existed in limiting the use of his deposition by appellant it was not such error as resulted in a miscarriage of justice and therefore does not warrant a reversal upon that ground. (Cal. Const., art. VI, § 4½.)

The court properly instructed the jury concerning the defense of contributory negligence. Under the facts of the case there was a conflict in the evidence and the issue was properly presented to the jury. Several charges of misconduct on the part of trial counsel had been made by appellant. We find no merit in these charges and there would be no point in reviewing them here.

The judgment is affirmed.

Jefferson, J., and Balthis, J., concurred.

A petition for a rehearing was denied March 9, 1962, and appellant's petition for a hearing by the Supreme Court was denied May 16, 1962.