[Civ. No. 28958. First Dist., Div. One. June 20, 1972.]

JOAN M. ROBBINS et al., Plaintiffs and Appellants, v.
HEWLETT-PACKARD CORPORATION, Defendant and Respondent.

### COUNSEL

Boccardo, Blum, Lull, Niland, Teerlink & Bell and David S. Lull for Plaintiffs and Appellants.

Popelka, Allard, Humphreys, Williams & Stenberg, Bernard J. Allard and Dean E. Stenberg for Defendant and Respondent.

### OPINION

**MOLINARI, P. J.**—This is an appeal by the heirs of Raymond Robbins and Lynn Marie Robbins from a judgment entered in favor of defendant Hewlett-Packard Corporation (hereinafter referred to as "Hewlett-Packard") following a court trial of their action for wrongful death. Plaintiffs' sole contention is that the court erred in finding that William K. Cowan, Jr., an employee of Hewlett-Packard, was neither engaged in a special errand for his employer nor acting within the scope of his employment at the time of the accident. Upon a review of the evidence we conclude that the finding is supported by substantial evidence and that therefore the judgment must be affirmed.

The evidence upon which we predicate our determination is as follows: Every summer Hewlett-Packard sponsors a picnic for its employees and their families and guests on property which it owns in the Santa Cruz mountains. All grades of employees are invited and they are not required to check in and out of the picnic grounds. No seminars are conducted at the picnic nor are any speeches made or any honorary awards bestowed. The

picnic is announced by posters which are put up on various bulletin boards throughout the company's premises and by a notation in the company newspaper. An employee indicates his intention to attend by requesting a free ticket. Married employees can obtain tickets for their spouse and children and single employees can obtain a ticket for a guest.

Prior to the picnic which was to be held on June 15, 1968, Larry Skeim, chairman of the entertainment committee, approached Ken Grace during working hours and asked him if he would be willing to take charge of a beanbag booth at the picnic. Skeim told Grace how long the booth would be open and advised him that two people should run it. Grace, who was senior in employment to Cowan, asked Cowan if he would work at the booth for an hour. When a person volunteered, Grace wrote his or her name down during working hours. Grace made a list of alternates and advised those who had volunteered to notify him if they would not be able to work at the booth so that he might request an alternate to supervise the booth. Grace testified that he was not required to work at the booth and he did not feel that it affected his job or his salary. He received no compensation for taking charge of the booth.

No one was compelled to attend the picnic. No one was compensated for helping out at the picnic. Hewlett-Packard does not consider whether an employee has attended the picnic or whether he has volunteered to help organize it in evaluating an employee. Cowan could have withdrawn his offer to help at the beanbag stand without jeopardizing his job or his chances for advancement. The picnic provided an enjoyable afternoon for employees and their relatives and friends and also helped to improve morale within the company.

The picnic was held on Saturday, which is not a regular work day. Cowan attended the picnic in order to have a good time. He had no plans to meet with any of his supervisors. Hewlett-Packard did not provide transportation to the picnic. There were two routes which could be taken to reach the picnic grounds and Hewlett-Packard did not prescribe which one to take. Hewlett-Packard had no control over what time an employee arrived or left. Cowan drove to the picnic in his own car and he paid for the gas and oil. Hewlett-Packard had not agreed to reimburse anyone for his travel expenses.

Cowan arrived at the picnic around 10 o'clock. He worked at the beanbag booth between 11 o'clock and noon. According to his previous arrangement with Grace, Cowan was free to leave the booth during this hour if he so desired. During the day Cowan drank beer and ate a meal, both

of which were gratuitously supplied by Hewlett-Packard for those in attendance.

Cowan was employed by Hewlett-Packard as a service technician. Neil Neilson was his immediate supervisor and John Walling was head of the division. Chuck Ernest was Walling's supervisor. Walling and Ernest attended the picnic, but Neilson did not. During the course of the afternoon Cowan spoke to Walling and his wife but he did not speak to Ernest.

In the late afternoon Cowan left the picnic in his automobile, intending to return to his home in order to go swimming. At about 5:40 p.m., at a distance of .8 of a mile from the picnic ground, Cowan's automobile struck a motorcycle operated by Raymond Robbins and upon which Robbins' daughter Lynn Marie was riding as a passenger. Both Robbins and his daughter died as a result of the collision. Immediately prior to the accident Cowan was operating his vehicle at a high rate of speed and it was being operated on the wrong side of the road at the time of the accident. Cowan had not stopped his vehicle from the time he left the picnic grounds until the accident occurred.

Adverting to plaintiffs' sole contention that the court erred in not finding that Cowan was on a special errand for Hewlett-Packard and thus within the scope of his employment at the time of the accident, we observe that the question presented is whether the character of the picnic and Hewlett-Packard's relation to it were such that Cowan's attendance could be considered within the scope of his employment. It is apparently plaintiffs' contention that within the context of the instant case this issue is one of law rather than of fact. They note that the court's finding of fact that Cowan was not on a special errand is the same as one of the court's conclusions of law. They argue that, given the court's other findings of fact, it should have concluded as a matter of law that Cowan was on a special errand at the time of the accident. The findings relied upon for this contention, essentially, are those which state that the picnic provided a benefit to Hewlett-Packard in that it contributed to the morale of its employees; that Cowan volunteered to work at the beanbag stand from 11 o'clock until noon and unless notified to the contrary Hewlett-Packard understood that he would be present; and that Cowan drove from the picnic parking lot directly to the scene of the accident, intending to return home, and struck the decedents on the wrong side of the road.

█ Generally, an employee is not acting within the scope of his employment when he is traveling back and forth between his residence and his place of employment. (*Vivion* v. *National Cash Register Co.*, 200 Cal.App.2d 597, 605 [19 Cal.Rptr. 602]; *Harvey* v. *D & L Construction*

*Co.,* 251 Cal.App.2d 48, 51 [59 Cal.Rptr. 255]; *Harris* v. *Oro-Dam Constructors,* 269 Cal.App.2d 911, 912 [75 Cal.Rptr. 544].) This rule is premised on the theory that normally the employment relationship is suspended during those times when the employee is not present at the place of employment. (*Harvey* v. *D & L Construction Co., supra,* at p. 51.) If, however, the employee is traveling from his residence or returning to it as part of his usual duties or at the specific request or order of his employer, he is considered to be on a special errand for his employer and thus acting within the scope of his employment. (*Boynton* v. *McKales,* 139 Cal.App.2d 777, 789 [294 P.2d 733]; *Vivion* v. *National Cash Register Co., supra,* at p. 605.) Unless the employee completely departs from performance of his employer's business, this status continues until he reaches his residence and is not terminated by the accomplishment of the errand. (*Trejo* v. *Maciel,* 239 Cal.App.2d 487, 495-496 [48 Cal.Rptr. 765].)

Even though the employee may not be engaged in the specific activities which he was employed to perform, he continues to be within the scope of his employment as long as the errand incidentally or indirectly either pertains to those activities or benefits the employer. (*Boynton* v. *McKales, supra,* 139 Cal.App.2d 777, 789.) "The attendance at a social function, although not forming part of the normal duties of the employee, may come under the 'special errand rule' if the function or the attendance was connected with the employment and for a material part intended to benefit the employer who requested or expected the employee to attend." (*Boynton* v. *McKales, supra,* at p. 789.)

If the evidence is in substantial conflict, or if it is subject to conflicting inferences, the question whether or not an employee was on a special errand is one of fact. (*Boynton* v. *McKales, supra,* 139 Cal.App.2d 777, 790; *Vivion* v. *National Cash Register Co., supra,* 200 Cal.App.2d 597, 605; *Trejo* v. *Maciel, supra,* 239 Cal.App.2d 487, 494.) The trier of fact must consider all the relevant circumstances and weigh them in relation to one another. (*Trejo* v. *Maciel, supra,* at p. 494.) We find nothing in the instant case requiring a departure from this general rule.

We observe that, although there is substantial evidence that the picnic contributed to the morale of Hewlett-Packard's employees and that Hewlett-Packard understood that Cowan would be present at the beanbag stand for one hour, plaintiffs do not urge that any of the court's other findings of fact are without support in the record. Thus, the court found, on uncontradicted evidence, that the vehicle driven by Cowan at the time of the accident was owned exclusively by him and was not being driven with the permission or consent of Hewlett-Packard; that the attendance of Cowan at the picnic was not required by Hewlett-Packard or his imme-

diate supervisor; that Cowan's immediate supervisors did not attend the picnic; that the picnic was not held on a regular working day, but on a Saturday; that no compensation was paid to Cowan or any other person for his or her attendance at the picnic; that Cowan's attendance at the picnic was not considered in evaluating him for salary increases, employment promotions, work or performance evaluations, or job security; and that although Cowan was an employee of Hewlett-Packard, he was not, at the time of the accident, acting within the scope and course of his employment with Hewlett-Packard, and was not on a special errand for Hewlett-Packard.[1]

Attendance at a social function does not come within the special errand rule unless "the function or the attendance was connected with the employment and for a material part intended to benefit the employer who requested or expected the employee to attend." (*Boynton* v. *McKales,* *supra,* 139 Cal.App.2d 777, 789.) The findings of the court in the present case do not establish as a matter of law that Cowan was on a special errand. Rather, they present various circumstances which the court was required to consider and balance in order to determine as a matter of fact whether Cowan was on a special errand at the time of the accident. The conclusion reached by the court represents a reasonable balancing of these factors. Cowan's attendance was connected with his employment only insofar as the picnic was sponsored by Hewlett-Packard for its employees and their families and friends. The picnic was primarily for the enjoyment of those in attendance and only incidentally benefitted Hewlett-Packard by contributing to morale. Although it was understood that Cowan would work at the beanbag stand, he was in no way obligated to attend the picnic. We, therefore, find that there is no contradiction between the court's finding that Cowan was not on a special errand and its other findings.

We also note that the court's finding represents a reasonable deduction from other evidence adduced at the trial. Cowan attended the picnic in order to have a good time. There were no company speeches, honorary awards, or seminars at the picnic. Whether or not an employee volunteered to help was not considered in evaluations made by the employer. A volunteer could withdraw at any time. Hewlett-Packard did not provide trans-

---

[1]The court made other findings not pertinent to the question before us, i.e., that Cowan's negligence proximately caused the deaths of Raymond Robbins and Lynn Marie Robbins and that Cowan consumed sufficient beer at the picnic to render him under the influence of alcohol, but that Hewlett-Packard had not required or encouraged Cowan or any other person to consume alcoholic beverages in any amount or to drive a vehicle after consuming alcoholic beverages.

portation to the picnic, nor did it prescribe which route to take or reimburse employees for their travel expenses. Hewlett-Packard had no control over when an employee arrived at the picnic or left the area. There was thus substantial evidence in the record to support the finding that Cowan was not on a special errand for his employer at the time of the accident.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 30, 1972.