892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ellen D. GLASSMAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-6175.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1989.
Decided Dec. 21, 1989.
 
 Before SKOPIL, FLETCHER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ellen Glassman appeals the district court's judgment in favor of the United States. The district court ruled that the United States was not liable under the Federal Tort Claims Act for any injuries caused to Glassman by Marine Corps Staff Sergeant Juan Ramon Aguilar ("SSgt. Aguilar"). The district court did not hold the United States liable for SSgt. Aguilar's actions because the court found that Aguilar was not acting within the scope of his employment. The court ruled that even if Aguilar had been on a special errand for his employer, he had totally abandoned that employment at the time of the accident. We affirm.
 
 BACKGROUND FACTS
 
 3
 Ellen Glassman was injured in an automobile accident on the evening of December 16, 1981. Glassman's car was struck by another car negligently driven by SSgt. Aguilar. Aguilar had spent the day near San Diego at a Marine Corp facility. The facility had celebrated the opening of a new archery range and Aguilar had attended the ceremonies and had competed in an archery competition. Aguilar had requested and received permission to attend the competition. However, Aguilar had not received any written order to attend the competition. Aguilar was not required to arrive at the competition at any particular time and Aguilar was not required to wear his military uniform. Aguilar drove his own vehicle to the competition and was free to travel on any route that he chose down to the competition and back.
 
 
 4
 After the archery competition concluded, SSgt. Aguilar drove approximately twenty miles south to Tijuana where he spent time eating dinner and window shopping. The accident occurred about two hours later while Aguilar was driving home. It occurred near San Diego.
 
 STANDARD OF REVIEW
 
 5
 We review de novo a district court's findings of law. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc ), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We review a district court's findings of fact for clear error. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). In determining the question of liability of the United States under the Federal Tort Claims Act, the district court is obligated to apply the law of the state in which the accident occurred. 28 U.S.C. § 1346(b). Therefore, in this case we review the district court's application of California law.
 
 DISCUSSION
 
 6
 Under California law, an employer is liable for the acts of his employee if that employee is acting within the scope of employment. See generally 2 B.E. Witkin, Summary of California Law, Agency & Employment § 115 (9th ed. 1987)("Witkin"). However, an employee is generally not considered to be within the scope of employment when he is driving to or from the workplace. Id. at § 129. California creates an exception to the "going and coming" rule when the employee is deemed to be on a "special errand" for his employer. In those situations, the employee is within the scope of his employment when the employee is driving to and from the special errand. Id. at § 130. Finally, should an employee wholly abandon his employment including his special errand, then the employer will not be liable for any of the employee's acts that occur after the employee has abandoned that employment. Id. at § 128; see also Avila v. Standard Oil Co., 167 Cal.App.3d 441, 448, 213 Cal.Rptr. 314 (1985)(departures from employment place employee outside scope); Robbins v. Hewlett-Packard Corp., 26 Cal.App.3d 489, 494, 103 Cal.Rptr. 184 (1972)(employer liable under respondeat superior if employee commits tort while on special errand. Liability detaches if "employee completely departs from performance of his employer's business ..."); Trejo v. Maciel, 239 Cal.App.2d 487, 495, 48 Cal.Rptr. 765 (1966)(question was whether employee had "made such a departure from the journey ... as to cause a termination of the course of employment."). Of course, the fact that an employee has departed from his employment does not mean that he can never reenter that employment. Employees regularly depart and reenter their employment when they go home at night and then return to work the next morning. See Cain v. Marquez, 31 Cal.App.2d 430, 433-34, 88 P.2d 200 (1939)(employee who had arguably departed from employment then reentered when he was driving back to work carrying a set of tools that were the object of the special errand.)
 
 
 7
 In this case we need not decide whether the district court was correct when it decided that SSgt. Aguilar was not on a special errand when he attended the archery competition. Even if Aguilar had been on a special errand, he could have wholly abandoned his employment. We cannot say that the district court clearly erred when it held that even if Aguilar had been on a special errand, Aguilar had wholly abandoned that errand when he left for Tijuana.
 
 
 8
 The California courts have articulated several factors that a trier of fact should consider when it determines whether an employee has completely departed from the scope of employment. Those factors include:
 
 
 9
 the intent of the employee, the nature, time and place of the employee's conduct, the work the employee was hired to do, the incidental acts the employer should reasonably have expected the employee to do, the amount of freedom allowed the employee in performing his duties, and the amount of time consumed in the personal activity.
 
 
 10
 Felix v. Asai, 192 Cal.App.3d 926, 932-33, 237 Cal.Rptr. 718 (1987).
 
 
 11
 In this case, the district court applied the Felix factors and found that Aguilar had wholly abandoned his employment by the time of the accident. No single factor determines whether Aguilar had abandoned his special errand. Here, the court considered SSgt. Aguilar's mental state, the nature of his attendance at the archery competition and his conduct after the competition (his dining and window shopping in Mexico). Furthermore, there was nothing other than Aguilar's geographical location to show that Aguilar had taken any steps to reenter his employment. Geography alone does not suffice to show a reentry. We cannot say that the district court clearly erred. Therefore, the judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3