[No. B137084. Second Dist., Div. Six. Jan. 31, 2001.]

RYON ALAN TOGNAZZINI, Plaintiff and Appellant, v.
SAN LUIS COASTAL UNIFIED SCHOOL DISTRICT, Defendant and
Respondent.

**COUNSEL**

Davis & McClelland; Law Offices of Craig A. Davis and Craig A. Davis for Plaintiff and Appellant.

John F. Hodges; Radovich Law Offices and M. Scott Radovich for Defendant and Respondent.

**OPINION**

**PERREN, J.**—By statute, the state has mandated that all noncertificated school district employees be fingerprinted. (Ed. Code, § 45125.) In conformity with the mandate, the school district tells its employee to comply. But it is the employee who decides when and where to be printed. She elects to do so on a day off. Immediately after being printed, she collides with a motorcycle. We conclude that substantial evidence supports the jury's finding that she was not acting within the scope of her employment.

Ryon Alan Tognazzini appeals from the judgment after jury trial in favor of respondent, San Luis Coastal Unified School District (District). District hired Thuy Than Ho as a classroom tutor. Shortly thereafter, Ho's supervisor told her that she must be fingerprinted as required by state law. Ho was fingerprinted on a day she was not scheduled to work. As she drove home, Ho collided with Tognazzini, injuring him. Tognazzini sued District on the theory that it is vicariously liable for Ho's conduct.

The jury returned a special verdict finding that Ho was not acting within the scope of her employment at the time of the accident. Accordingly, the court entered judgment in favor of District. The court denied Tognazzini's motion for judgment notwithstanding the verdict (JNOV). Because Ho was fulfilling a state mandate on her own time without specific direction from District, we affirm.

## FACTS

District hired Ho to work Tuesdays and Thursdays as an hourly classroom tutor. Her supervisor, Colleen Spafford, informed Ho that under new state legislation, she must be fingerprinted to continue working with students in the classroom. (Ed. Code, §§ 45125, 45125.1.) Spafford did not tell Ho when or where to do this. Spafford simply gave Ho a telephone number to make arrangements for fingerprinting. Spafford hoped that Ho would fulfill this state mandate, but she never checked to see whether Ho complied.

Eight days after Ho began working, she drove her car from the Cal Poly campus, where she was enrolled as a student, to San Luis High School to be fingerprinted. Ho intended to go directly home afterwards. She had no plans to work or speak with Spafford that day. As Ho drove away after being fingerprinted, she struck Tognazzini's motorcycle, injuring him.

Tognazzini sued District on the theory of respondeat superior. By special verdicts, the jury found that Ho was not acting within the scope of her employment at the time of the accident. The court entered judgment in favor of District and denied Tognazzini's motion for JNOV. Tognazzini appeals.

## DISCUSSION

### Respondeat Superior

"Under the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of the employment." (*Perez v. Van Groningen & Sons, Inc.* (1986) 41 Cal.3d 962,

967 [227 Cal.Rptr. 106, 719 P.2d 676].) The doctrine is justified as " 'a deliberate allocation of a risk. The losses caused by the torts of employees, which as a practical matter are sure to occur in the conduct of the employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business. . . .' " (*Hinman v. Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 959-960 [88 Cal.Rptr. 188, 471 P.2d 988] (*Hinman*), quoting Prosser, Law of Torts (3d ed. 1964) p. 471, fns. omitted.)

■ Generally, "[a]n employee is not considered to be acting within the scope of employment when going to or coming from his or her place of work. [Citation.]" (*Anderson v. Pacific Gas & Electric Co.* (1993) 14 Cal.App.4th 254, 258 [17 Cal.Rptr.2d 534].) But "[a]n employee is considered to be acting within the scope of employment 'while on a special errand either as part of his regular duties or at a specific order or request of his employer. [Citation.]' " (*Id.* at p. 262; *Felix v. Asai* (1987) 192 Cal.App.3d 926, 931 [237 Cal.Rptr. 718]; *Boynton v. McKales* (1956) 139 Cal.App.2d 777, 789 [294 P.2d 733].) The employer is also liable for torts committed by its employee while traveling to accomplish a special errand because the errand benefits the employer. (*Boynton, supra,* at p. 789.) The errand is considered to continue during the entire trip home, unless the employee so deviates from the trip as to completely abandon the mission. (*Felix, supra,* at p. 932.)

The concept of "scope of employment" in tort is more restrictive than the phrase "arising out of and in the course of employment," used in workers' compensation. (*Perez v. Van Groningen & Sons, Inc., supra,* 41 Cal.3d at p. 967, fn. 2; *Munyon v. Ole's, Inc.* (1982) 136 Cal.App.3d 697, 702-704 [186 Cal.Rptr. 424].) Respondeat superior liability does not attach simply because employment brought the employee and victim together at a certain time and place. (*Lisa M. v. Henry Mayo Newhall Memorial Hospital* (1995) 12 Cal.4th 291, 298 [48 Cal.Rptr.2d 510, 907 P.2d 358].) The employee's activities must be inherent in, typical of or created by the work so that it is a foreseeable risk of the particular employment. (*Id.* at pp. 298-299; *Hinman, supra,* 2 Cal.3d at p. 960; *Inter Mountain Mortgage, Inc. v. Sulimen* (2000) 78 Cal.App.4th 1434, 1441 [93 Cal.Rptr.2d 790]; *Depew v. Crocodile Enterprises, Inc.* (1998) 63 Cal.App.4th 480, 488-490 [73 Cal.Rptr.2d 673].) Whether the tort occurred within the scope of employment is a question of fact, unless the facts are undisputed. (*Perez, supra,* at p. 968; *Anderson v. Pacific Gas & Electric Co., supra,* 14 Cal.App.4th at p. 261.)

### Standard of Review, JNOV

Tognazzini argues that the trial court should have granted his motion for JNOV. ■ The trial court's power to grant a motion for JNOV is the

same as its power to grant a directed verdict. (Code Civ. Proc., § 629.) The court must accept as true the evidence supporting the jury's verdict, disregarding all conflicting evidence and indulging in every legitimate inference that may be drawn in support of the judgment. The court may grant the motion only if there is no substantial evidence to support the verdict. (*Ibid.*; *Hansen v. Sunnyside Products, Inc.* (1997) 55 Cal.App.4th 1497, 1510 [65 Cal.Rptr.2d 266].) On appeal from the denial of a motion for JNOV, we determine whether there is any substantial evidence, contradicted or uncontradicted, supporting the jury's verdict. (*Shapiro v. Prudential Property & Casualty Co.* (1997) 52 Cal.App.4th 722, 730 [60 Cal.Rptr.2d 698].)

### Judgment

On the appeal from the judgment itself, we apply the substantial evidence test. We must affirm the judgment if there is any ponderable, credible evidence or reasonable inferences therefrom supporting the findings made by the jury. (*Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 571 [38 Cal.Rptr.2d 139, 888 P.2d 1268].)

### Analysis

Tognazzini has the burden of proof to demonstrate that the accident was committed within the scope of Ho's employment. (*Perez v. Van Groningen & Sons, Inc., supra,* 41 Cal.3d at p. 968.) In making this decision, the trier of fact considers whether the conduct benefited the employer, whether it was authorized or directed by the employer, the reasonable expectations of the employer, the amount of freedom the employee has to perform the duties of the job, the type of work the employee was hired to do, the nature of the conduct involved, and the time and place of the accident, among other things. (See generally *Miller v. Stouffer* (1992) 9 Cal.App.4th 70, 78 [11 Cal.Rptr.2d 454]; *O'Connor v. McDonald's Restaurants* (1990) 220 Cal.App.3d 25, 30 [269 Cal.Rptr. 101]; *Coats v. Construction & Gen. Laborers Local No. 185* (1971) 15 Cal.App.3d 908, 913 [93 Cal.Rptr. 639].)

In denying Tognazzini's motion for JNOV, the trial court carefully and cogently examined the facts of this case. The trial court found, "Ho drove her own car and was not reimbursed for her mileage. She was not paid her normal hourly rate for making the trip or submitting to fingerprinting. She could select her route and her means of transportation. The hour, and it can be inferred even the day, for fingerprinting was within her own discretion . . . . She called the District office and made an appointment for the procedure. She did not have to accomplish this task directly after work, in fact, she came not from work but from Cal Poly. It was a non working day.

We note that statutory provisions for fingerprint checks are sprinkled throughout the Education Code. . . . [¶] The court finds there was substantial evidence supporting the jury's verdict based upon the above factors."

██ We conclude that the record amply supports these findings. Spafford hired Ho to tutor only on a limited, scheduled, hourly basis, Tuesdays and Thursdays. Driving was not a requirement for her work, and District did not require Ho to run errands. Spafford informed Ho that she had to get fingerprinted once to comply with new state legislation that required everyone in regular contact with children in public schools to do so. (See, e.g., Ed. Code, §§ 45106, 45125, 45125.01, 45125.1, subd. (a), 44340.) Spafford did not specify where, when or how to get the fingerprints, nor did she set a deadline for doing so. District had little reason to expect Ho to drive to San Luis High School to fulfill this state mandate. Ho could have been fingerprinted at Cal Poly, the county office of education, the city police department or other places. (See generally *Munyon v. Ole's, Inc., supra,* 136 Cal.App.3d 697 [store not liable for accident occurring while employee drove to pick up paycheck after hours]; *Vivion v. National Cash Register Co.* (1962) 200 Cal.App.2d 597 [19 Cal.Rptr. 602] [company not liable for accident occurring when employee voluntarily decided to return to office at night to prepare for presentation at work the next day].) Spafford never checked to see whether Ho complied with her request.

Moreover, getting fingerprinted is not a requirement created by District for employment. Fingerprinting is a state requirement for contact with children in schools. (See generally Ed. Code, §§ 45106, 44340, 45125, 45125.01, 45125.1, subd. (a).) District merely communicated this state requirement to Ho.

As a prerequisite to working, the state often requires that people satisfy certain conditions. These conditions are not necessarily related to the job nor are they inherent in the work to be performed. For example, the state requires some people to take continuing education courses to maintain occupational licenses, to undergo annual tuberculosis tests to work around children in schools and to have a driver's license for various jobs.

In the instant matter, the state mandated fingerprinting for the purpose of protecting children. District should not be held accountable for the employee's conduct while complying with this state mandate. That is especially so when, as here, the employee had discretion to decide when, where and how to fulfill the mandate. No other job-related activities were involved and the task was not performed during working hours. The relationship between the particular employment and completing such tasks is simply too attenuated to

require employers to bear the risks of liability. Accordingly, we conclude that District is not liable for the injuries that Tognazzini suffered when Ho decided to drive to San Luis High School on her day off to fulfill the state mandate to be fingerprinted.

The judgment is affirmed. Costs are awarded to District.

Gilbert, P. J., and Yegan, J., concurred.