Filed 12/16/19; Certified for Publication 1/9/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARK BINGENER et al., | B291112 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC604284) |
| v. | |
| CITY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gerald R. Rosenberg, Judge.  Affirmed.

Mardirossian & Associates, Garo Mardirossian, Armen Akaragian, Adam Feit, for Plaintiffs and Appellants.

Michael N. Feuer, City Attorney, Blithe S. Bock, Assistant City Attorney, Hall R. Marston and Jonathan H. Eisenman, Deputy City Attorneys, for Defendant and Respondent.

# INTRODUCTION

Mark and Eric Bingener appeal the trial court's grant of the City of Los Angeles's (City) motion for summary judgment. The City argued that it was not liable for the injuries caused by Kim Rushton because he was not acting within the course of his employment at the time of the accident. Specifically, the City argued that the coming and going rule insulated it from liability.

It is undisputed that on February 24, 2015, an employee of the City, Rushton, struck and killed pedestrian Ralph Bingener. It is also undisputed that when the accident occurred, Rushton was commuting to work in his own car and on his usual morning route and was not performing work for the City while driving to work. The parties also agree that, on the day of the accident, Rushton was driving to his workplace at the Hyperion Treatment Plant, where he worked in a water quality lab checking water for semi-volatile organic compounds. A self-described "lab rat," Rushton's job did not require him to be in the field or use his personal automobile for his employment. The City moved for summary judgment on these uncontroverted facts, arguing that because the "going and coming rule" applied, without exception, to this case, the City was not liable under respondeat superior for the accident.

Plaintiffs countered that there was a dispute of fact regarding an exception to the going and coming rule–the "work-spawned risk" exception. This exception applies when an employee endangers other with a risk arising from or related to work. For example, where an employee gets into a car accident on the way home after drinking alcohol at work with his supervisor's permission, courts have carved out an exception to the going and coming rule. Where, as in such a case, there is a

2

sufficient link between the drinking and the accidents as to make the collisions neither starling nor unusual, the courts have found that the risk was one that may be regarded as typical of or broadly incidental to the employer's enterprise. (*Childers v. Shasta Livestock Auction Yard, Inc.* (1987) 190 Cal.App.3d 792; see *Bussard v. Minimed, Inc.* (2003) 105 Cal.App.4th 798, 803, 807 (*Bussard*) [employee's exposure to pesticides during work hours impaired her ability to safely drive home and, therefore, the going and coming rule did not apply].)

Applying this exception to the facts here, plaintiffs argued that the City knew about Rushton's health conditions and how it might impair his ability to drive because certain medical expenses were being paid for Rushton's back injury through the City's worker compensation program. According to plaintiffs, Rushton's then-present injuries and medications rendered him unfit to drive. Despite this knowledge, the City allowed Rushton to return to work prematurely without placing any restrictions on his driving. Given that Rushton was impaired and unfit to drive, his driving to work was a foreseeable risk of the City's activities. The City, should, therefore, be held liable for "a negligently created work-spawned risk endangering the public."

We affirm the judgment. At summary judgment, plaintiffs failed to adduce sufficient facts upon which they could establish a triable issue of fact on their claim that Rushton's accident was a foreseeable event arising from or relating to his employment for the City at its water plant laboratory. Nothing about the enterprise for which the City employed Rushton made his hitting a pedestrian while commuting a foreseeable risk of this enterprise. The "going and coming rule" was created for precisely

the situation presented here and its application in this case precludes plaintiffs' claim of vicarious liability against the City.

## BACKGROUND FACTS

The parties do not dispute the essential facts in this case. All agree that Rushton was employed as a chemist at the Hyperion Treatment Plant for over twenty years. Rushton performed his analysis of water samples only at the lab and rarely left the plant on work-related travel. Rushton's job did not require him to work in the field and his employer did not require him to use his car at work. Rushton was not compensated for his commute time.

At the time of the accident, Rushton was 68 years old and receiving treatment for chronic health problems, including neuropathy in his feet, a tremor and occasional seizures, which caused him to have a few seconds of a *déjà vu* feeling and a "kick in the pit of my stomach." These conditions, including his seizure condition, were well controlled and Rushton testified at his deposition that "[his neurologic condition was] the best I've ever been right now." Rushton used a walking stick at the workplace and took various medications.[1]

Rushton testified that none of these conditions or medications interfered with his ability to operate a vehicle. Rushton also stated that his health conditions did not contribute to the accident in any way. Rushton testified that he felt great on the morning of the accident and hadn't taken any medications.[2]

---

[1] Rushton's supervisor never saw Rushton taking medications during the work day.

[2] The facts cited by the Bingeners to controvert Rushton's own statement regarding when he took his medications and whether he

4

In December 2014, Rushton had a fall at work when he bent over while carrying paperwork. Rushton was out of work due to that injury until the week of February 2, 2015. Rushton was diagnosed with lower back strain and was prescribed medication. Rushton's physicians cleared him to return to work on February 2, 2015 with restrictions on standing and/or walking for more than four hours a day, and stooping, bending, kneeling and squatting. The doctors placed no restriction on Rushton driving. On February 20, 2015, Rushton received an epidural injection of steroids to relieve his back pain.

On the day of the accident, Rushton awoke feeling fine. He had not ingested alcohol the evening before and was not under the influence of any drugs or medications at the time of the accident.

As he was driving through dark streets in Culver City going about 40 to 50 mph, he struck Ralph Bingener, a pedestrian.[3] Rushton testified that he had no warning before striking Bingener, who was stepping off the curb into a crosswalk. After hitting Bingener, Rushton was in shock. Rushton stopped his car and went to attend Bingener. Moments later a number of nurses pulled up to the scene and started

---

was under the influence of those medicines at the time of the accident do not support a reasonable inference to the contrary. Conjecture that some combination of prescription medicine and underlying illness impaired an employee's ability to drive, where some of those medications were prescribed due to a work-related injury sustained months before, does not create a triable issue of fact about the issue presented here—whether the employer should be vicariously liable for the accident.

[3] Rushton estimated his speed at 35 to 40 mph, but crash data showed that his car was going approximately 48.5 mph at the point of impact.

emergency treatment. The police and paramedics arrived shortly thereafter, and later Rushton went with the police to the station. Rushton did not appear to the officers to be under the influence of any alcohol or drug at the time of the accident and, when PAS tested, Rushton had no alcohol in his system. Officers at the scene described Rushton as fully cooperative. Rushton was not charged criminally as a result of the accident. Later investigation disclosed that the streetlight on the corner that Bingener stepped off from was inoperable.

The Department of Motor Vehicles later suspended Rushton's driver's license. At that point in time, Rushton was not driving his car. Rushton later had his driving privileges reinstated and the City returned his parking pass to him.

Ralph Bingener's surviving brothers filed a timely Government Claims Act claim against the City, then filed a complaint alleging that the City was vicariously liable for Rushton's negligence in the collision.[4] The City moved for summary judgment based on the going and coming rule.[5] The trial court agreed that the rule applied to Rushton, who was engaged in his regular commute at the time of the accident. The trial court entered judgment against the Bingeners on April 18, 2018.[6]

The Bingeners timely appealed.

---

[4] Rushton was later added by a doe amendment.

[5] Rushton did not join in that motion. Rushton was represented by independent counsel and not defended by the City.

[6] The Bingeners moved for a new trial, which was denied by the trial court.

## DISCUSSION

### I. Standard of Review

On appeal from the grant of summary judgment, we review the record de novo and apply the same standard as did the trial court. We identify the issues framed by the pleadings and then determine whether " ' "the moving party's showing has established facts which justify a judgment in moving party's favor" ' " on those issues. (*Stokes v. Baker* (2019) 35 Cal.App.5th 946, 956.) If the moving party has made that showing, we then determine whether the opposition has demonstrated " ' "the existence of a triable, material factual issue." ' " (*Ibid.*) In making that determination, we keep in mind that the party opposing the motion is entitled to have any reasonable inferences from the facts drawn in its favor. (*American Alternative Ins. Corp. v. Superior Court* (2006) 135 Cal.App.4th 1239, 1245.)

### II. The City is not vicariously liable.

Under the doctrine of respondeat superior, an employer is liable for the torts of its employees committed within the scope of their employment. (*Ducey v. Argo Sales Co.* (1979) 25 Cal.3d 707, 721.) The burden of proof is on the plaintiff to demonstrate that the negligent act was committed within the scope of employment. (*Ibid.*) But where, as here, the facts relating to the applicability of the doctrine are undisputed, the question of its application is one of law. (*Hinman v. Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 962; *Jeewarat v. Warner Bros. Entertainment Inc.* (2009) 177 Cal.App.4th 427, 434.)

The doctrine is based upon a policy that the employer should be responsible for losses caused by the torts of its employees that occur in the conduct of the employer's enterprise.

7

(*Depew v. Crocodile Enterprises, Inc.* (1998) 63 Cal.App.4th 480, 486.) An employee is generally not considered to be acting within the scope of his employment when going to or coming from his or her regular place of work. (*Ibid.*; see also *Bussard, supra*, 105 Cal.App.4th at p. 804.)

This rule—the " 'going-and-coming rule' "—has several exceptions, which are generally understood to encompass those situations in which the employer derives some benefit from the employee's trip. (*Depew v. Crocodile Enterprises, Inc., supra*, 63 Cal.App.4th at p. 486.) In such instances, the employer's responsibility extends beyond his "actual or possible control of the servant to injuries which are within the 'risks of the enterprise.' " (*Hinman v. Westinghouse, supra*, 2 Cal.3d at p. 960.) For example, where the employer has instructed an employee to use his car to recruit other workers and is furnishing the gas for the trip, the risk of the enterprise surely encompasses the employee's travel to and from the remote work site. (*Harvey v. D & L Constr. Co.* (1967) 251 Cal.App.2d 48, 51 [special errand exception].) Similarly, where the employee's work involves both office work and field work, it is immaterial whether he is driving to his office or driving to other locations. (*Richards v. Metropolitan Life Ins. Co.* (1941) 19 Cal.2d 236, 243 [automobile use as a condition of employment].)

One other exception to the " ' "going-and-coming rule" ' " arises where an employee endangers others with a risk inherent in or created by the enterprise. In such a situation, the risk is foreseeable and the employee's conduct is not "so unusual or startling" that it would seem unfair to include the loss in the employer's costs of doing business. (*Bussard, supra*, 105 Cal.App.4th at p. 804; *Farmers Ins. Group v. County of Santa*

*Clara* (1995) 11 Cal.4th 992, 1004.)  For example, in *Bussard*, the employer's improper use of pesticides at the work place, which sickened and rendered an employee unable to drive safely, caused that employee to rear-end another car on her way home. (*Bussard*, at p. 801.)  In such an instance, conditions for the occurrence of the accident had been created within the scope of the driver's employment.  (*Ibid*. at pp. 805–806.)  By contrast, " '[i]f the employee's tort is personal in nature, mere presence at the place of employment and attendance to occupational duties prior or subsequent to the offense will not give rise to a cause of action against the employer … .' "  (*Farmers*, at p. 1005.)

The uncontroverted facts presented in this case support the application of the going and coming rule.[7]  There is no dispute that when Rushton collided with Bingener, Rushton was on his normal morning commute to the Hyperion Treatment Plant. Rushton's work did not require him to use his personal car in the performance of his job, nor was he performing a special errand for his employer.  Rushton rarely left his laboratory and, when he

---

[7] Although the Bingeners challenge the trial court's evidentiary rulings, we find no abuse of discretion in these rulings.  (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)  A court abuses its discretion if its ruling is " 'so irrational or arbitrary that no reasonable person could agree with it.' "  (*Ibid.*)  It is the appellant's burden to show the trial court abused its discretion. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957.)  And, although a court is required to construe plaintiffs' admissible evidence liberally, it is not required to allow otherwise inadmissible evidence to be used in opposition to a motion for summary judgment.  (*Sanchez v. Kern Emergency Medical Transportation Corp.* (2017) 8 Cal.App.5th 146, 155–156; see *Shiffer v. CBS Corp.* (2015) 240 Cal.App.4th 246, 252–253 [an expert's opinion is only as good as the facts that it is based on].)

did, he did not use his personal automobile. Rushton was not conducting any work for the City on the way to work nor did his employer require him to do so.

Further, this accident was not caused by anything inherent in or created by the enterprise. Nothing about Rushton's job performing tests on water samples made his hitting a pedestrian during his ordinary commute a foreseeable risk of the City's business. Rushton's job was performed in a laboratory; he never went out in the field and, like his co-workers, he walked to other buildings in the plant if he needed to. Although the job description required a driver's license, Rushton's unit did not have a mandatory driving requirement. Rushton never, in fact, drove his personal car for work, nor did he run work-related errands on his way to or from the plant. Occasionally over the course of his twenty years of service, he rode in a City vehicle to a meeting, but Rushton had no interest in or involvement in anything other than his work testing water samples at the laboratory. The City's water-testing enterprise did not obtain anything from Rushton's commute and he was doing nothing for the City in the course of his commute on the day of the accident. (See *Newland v. County of Los Angeles* (2018) 24 Cal.App.5th 676, 685–686 [employer must have either required or benefited extraordinarily from the employee's commute on the day of the accident].)

Plaintiffs' contention that the going and coming rule does not apply and that the accident was a foreseeable consequence of Rushton's job-related back injury two months earlier is unsupported by the factual record. Plaintiffs allege, without a scintilla of evidence, that the City knew or ought to have known that Rushton's back strain and the medications he had been

prescribed rendered him a dangerous commuter. Rushton's own testimony refutes plaintiffs' contention that he was impaired on the morning of the accident. He testified to feeling great on the morning of the accident and denied ever taking any medications that morning. Rushton stated that his medical conditions—some of which dated back to his childhood—did not limit or impair his ability to drive—a conclusion reached also by his treating physician who cleared him to return to work without limitations on driving.[8] Plaintiffs contend that nevertheless, the City was obligated to review Rushton's worker's compensation file and reach a decision that Rushton could not return to work because he could not safely drive a vehicle. That argument ignores the undisputed fact that it was a physician, and not the City, who approved Rushton to return to work and did so without limitation on his driving. Plaintiffs' attenuated and unsupported set of assumptions takes the accident at issue here well beyond a foreseeable event, as is required to hold an employer vicariously liable. (*Tognazzini v. San Luis Coastal Unified School Dist.* (2001) 86 Cal.App.4th 1053, 1059–1060.) Summary judgment for the City was, therefore, properly granted.

---

[8] And, Rushton's treating neurologist admitted that he never instructed his patient not to drive.

## DISPOSITION

The judgment is affirmed.  The City shall recover its costs on appeal.

JONES, J.[*]

We concur:

LAVIN, Acting P. J.

EGERTON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARK BINGENER et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>CITY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B291112<br><br>Los Angeles County<br>Super. Ct. No. BC604284<br><br>**Order Certifying Opinion for Publication**<br><br>[NO CHANGE IN JUDGMENT] |

BY THE COURT:*

The Association of Southern California Defense Counsel has requested that our opinion in the above-entitled matter, filed December 16, 2019, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The opinion is ordered published in the Official Reports.

\*LAVIN, Acting P. J.       EGERTON, J.       JONES, J.\*\*

---

\*\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.