Filed 10/26/20  Mejia v. Vu CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MARCELA MEJIA, | D076582 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2018-00002443-CU-PA-CTL) |
| ANNA VU, | |
| Defendant and Respondent. | |

APPEAL from a judgment and an order of the Superior Court of San Diego County, Kevin A. Enright, Judge.  Reversed.

Rejali Law Firm and Omid Rejali for Plaintiff and Appellant.

Tharpe & Howell and Eric B. Kunkel for Defendant and Respondent.

This is an appeal from a civil judgment that was reduced in response to the trial court's granting of judgment notwithstanding the verdict (JNOV).  We reverse the amended judgment for the reasons we explain below.

# BACKGROUND

Plaintiff and appellant Marcela Mejia sued defendant and respondent Anna Vu for damages due to a neck injury that Mejia sustained as a result of a car collision caused by Vu's negligence.[1]  On April 5, 2019, a jury found that Vu's negligence was a substantial factor in causing harm to Mejia.  The jury awarded damages totaling $292,244, including $125,000 for future economic damages, $17,244 for past medical expenses, $125,000 for past noneconomic loss, and $25,000 for future noneconomic loss.  Judgment was entered on May 14, 2019.

Vu filed motions for partial JNOV and for new trial challenging only the award for future economic damages.  She attached the declarations of six jurors each stating that, "the $125,000 award for future medical expenses was for future acupuncture."  On August 9, 2019, the court granted the motion for JNOV, ordering entry of a modified judgment with no award for future economic damages.  The court did not expressly mention the juror declarations, but concluded nonetheless that there was insufficient evidence of the cost of future acupuncture treatments.  It also granted Vu's motion for a partial new trial on future economic damages, effective only if the JNOV were reversed on appeal and the order for a new trial were either not appealed or appealed and affirmed.  Notice of entry of the order was filed on August 16, 2019.[2]

---

[1]    Vu does not contest liability on this appeal.

[2]    Mejia filed a motion for reconsideration on August 19, 2019.  Vu filed an ex parte application to strike the motion for reconsideration.  The court ordered the motion to be taken off calendar.

Mejia filed a notice of appeal on September 3, 2019. The court entered an amended judgment pursuant to its order granting partial JNOV on September 20, 2019. The amended judgment struck the award for future economic losses, modifying the judgment to a total award of $167,244, plus costs. Vu filed and served notice of entry of the amended judgment on September 23, 2019.

## DISCUSSION

1. Challenges to Appeal[3]

Vu contends that it is not permissible to appeal from an order granting JNOV. She further contends that Mejia limited her appeal to consideration of the provisional granting of the new trial motion based on the box she checked on the Judicial Council form, and that an appeal from the conditional new trial order is moot.

### A. *Scope of Appeal*

An order granting JNOV is not appealable, but the subsequent modified judgment is appealable. (*Trujillo v. North County Transit District*

Mejia filed a motion in this court to augment the record by adding those pleadings. Vu opposed the motion. We note, however, that Vu included her application to strike the motion for reconsideration, the court's order thereon, and the oral proceedings of her application, in her designation of the record on appeal.

We ordered that the motion to augment and Mejia's request to file a reply be considered along with the appeal.

We conclude that these additional pleadings are not necessary for resolution of this appeal, and deny the motion to augment on that ground.

[3] Vu filed a similar motion to dismiss the appeal on December 17, 2019. We summarily denied the motion on January 3, 2020. The summary denial of a motion to dismiss the appeal, however, does not " 'preclude later full consideration of the issue, accompanied by a full written opinion, following review of the entire record and opportunity for oral argument.' " (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 841, fn. 5.)

3

(1998) 63 Cal.App.4th 280, 285, fn. 2 (*Trujillo*).) The modified judgment filed and entered on September 20, 2019, was a final judgment appealable pursuant to Code of Civil Procedure section 904.1,[4] subdivision (a)(1).

Mejia filed her notice of appeal prematurely on September 3—after the court granted JNOV on August 9 and before the modified judgment was entered on September 20. A premature notice of appeal that is filed before the judgment is entered, but after the superior court has announced its intended ruling, may be treated as filed immediately after entry of judgment. (Cal. Rules of Ct., rules 8.104 (d)(1) & (2); *Lee v. Kim* (2019) 41 Cal.App.5th 705, 718, fn. 7 (*Lee*).) Mejia prematurely filed a valid notice of appeal from the modified judgment entered on September 20, 2019.

Vu contends that Mejia appealed only from the order granting new trial because she checked a box on the Judicial Council Form stating that she was appealing from "an order or judgment under . . . [section] 904.1, [subdivision] (a)(3)-(13)." Those subdivisions include an order granting a new trial (subd. (a)(4)), but not an order granting JNOV.[5] The notice of appeal said that Mejia was appealing from the order dated August 9, 2019, which granted both the motion for JNOV and the conditional motion for new trial.

Checking the wrong box on the notice of appeal does not defeat the appeal. (*Ellis Law Group LLP v. Nevada City Sugar Loaf Properties LLC* (2014) 230 Cal.App.4th 244, 251 [notice of appeal was sufficient even though wrong box was checked].) "The notice of appeal must be liberally construed.

---

[4]    Further statutory references are to the Code of Civil Procedure unless otherwise specified.

[5]    As noted above, an order granting JNOV is not an appealable order but the subsequent modified judgment is appealable under section 904.1, subdivision (a)(1).

The notice is sufficient if it identifies the particular judgment or order being appealed." (Cal. Rules of Ct., rule 8.100 (a)(2).) We have a " 'strong policy in favor of hearing appeals on their merits' " (*K.J. v. Los Angeles Unified School District* (2020) 8 Cal.5th 875, 881; *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20 (*Walker*)), if the appellant's intention was apparent from the record and the respondent is not misled or prejudiced by an error. (*In re J.F.* (2019) 39 Cal.App.5th 70, 76 (*J.F.*); *Walker*, at pp. 20–21.)

Mejia's intention was clear. Her notice of appeal stated that she was appealing the order of August 9, 2019, which includes the order granting JNOV and conditionally granting a new trial. Mejia's notice of designation of record on appeal included the motions for JNOV and new trial and the rulings thereon from August 9, 2019. Vu recognized that Mejia's appeal included a challenge to the JNOV, as the substantive portion of her respondent's brief addresses that issue.

Vu has not identified any prejudice caused by Mejia's checking of the wrong box on the notice of appeal form. She filed a separate respondent's notice of designation of the record including the exhibits and oral transcript pages that supported her motion for JNOV, and her reply to Mejia's opposition to that motion. Her respondent's brief addresses all the issues raised by Mejia. Similar actions were evidence of lack of prejudice in *Walker*, *supra*, 35 Cal.4th at page 21. We exercise our discretion in favor of hearing the merits of the appeal. (*Lee*, *supra*, 41 Cal.App.5th at p. 718, fn. 7; *Boyer v. Jensen* (2005) 129 Cal.App.4th 62, 69.)

Vu contends that we cannot reasonably construe the notice of appeal as an appeal as anything other than the order granting new trial, citing *J.F.*, *supra*, 39 Cal.App.5th at page 75, and *Faunce v. Cate* (2013) 222 Cal.App.4th

5

166, 170. We disagree. The appellant in *J.F.* filed a notice of appeal specifying that he was appealing from the final order on a specific date. (*Id.* at p. 75.) The appellate court found no clear intention of challenging an order from two months earlier. (*Ibid.*) In *Faunce*, also, the notice of appeal specified the judgment the appellant was appealing from; there was no clear intention of a challenge to an earlier, separately appealable order, and the time for appeal of that separate order had passed. (*Faunce*, at p. 170.)

Mejia, on the other hand, stated her intent to appeal from the order of August 9, which granted both JNOV and the conditional new trial. The order granting JNOV showed the court's intention to enter a modified judgment. Vu has shown no prejudice. We liberally construe Mejia's notice of appeal to encompass both the modified judgment and the conditional order of new trial.

B. *Adequacy of Record*

Vu next argues that Mejia has defaulted on her appeal because she failed to designate an adequate record. It is appellant's burden to provide a record sufficient for us to review the proceedings below. (*Southern California Gas, Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.) The record contains neither the reporter's transcript of the hearing nor Mejia's opposition to the motion below. The court's order granting JNOV and a new trial, however, is thorough. It contains the court's reasoning and the basis for its order. Mejia has not raised any issue that requires consideration of the oral proceedings in the trial court. We have reviewed the record and find it adequate to resolve the issues on appeal. (See *Trujillo*, *supra*, 63 Cal.App.4th at pp. 284–285 & fn. 2.) Because the court's written order is clear and thorough, "we proceed to consider the issues raised on appeal, cognizant of [Mejia's] obligation to provide an adequate record to demonstrate error and our obligation to

6

presume that the decision of the trial court is correct absent a showing of error on the record." (*Southern California Gas, Co. v. Flannery*, at p. 483.)

    2. <u>Judgment Notwithstanding the Verdict</u>

        A. *Legal Guidelines*

A trial court can grant JNOV when a motion for directed verdict should have been granted, that is, when no substantial evidence supports the claim for relief. (§ 629; *Tognazzini v. San Luis Coastal Unified School Dist.* (2001) 86 Cal.App.4th 1053, 1057–1058 (*Tognazzini*).) The trial court may not weigh the evidence or judge the credibility of witnesses. It is error to grant the motion if the evidence is conflicting or reasonably amenable to different inferences. The court may grant JNOV only when, viewing the evidence in the light most favorable to the party securing the verdict, indulging every legitimate inference from such evidence in favor of that party, and disregarding conflicting evidence, the trial court determines that there was no substantial evidence to support the verdict. If there is *any* such substantial evidence, including reasonable inferences deducible therefrom, the trial court must deny the motion. (*Tognazzini*, at p. 1058.)

We review an order granting JNOV de novo, with the same standard used by the trial court—whether any substantial evidence, contradicted or uncontradicted, supports the jury's conclusion. (*Gonzales v. City of Atwater* (2016) 6 Cal.App.5th 929, 946–947 (*Gonzales*).) We consider the evidence in the light most favorable to the party that obtained the verdict. We " 'must accept as true the evidence supporting the verdict, disregard conflicting evidence, and indulge every legitimate inference to support the verdict.' " (*Cochrum v. Costa Victoria Healthcare, LLC* (2018) 25 Cal.App.5th 1034, 1045 (*Cochrum*).) If JNOV was granted based on a legal issue, "such as the application of law to undisputed facts or the interpretation of a statute, we

7

review the trial court's ruling 'under a de novo standard of review.' " (*Gonzales*, at pp. 946–947.)

The issue here was whether the evidence at trial supported the award of $125,000 for future economic losses—the cost of medical care for Mejia in the future. "To recover damages for future medical expenses, [the plaintiff] must prove the reasonable cost of reasonably necessary medical care that [he or she] is reasonably certain to need in the future." (CACI No. 3903A; *Cuevas v. Contra Costa County* (2017) 11 Cal.App.5th 163, 183 [CACI No. 3903A is a correct statement of law].)

B.  *Proceedings Below*

Dr. William Tontz, Jr. testified that, with a reasonable degree of medical certainty, Mejia would require future treatment for her neck injury, including a series of three cervical injections, once or twice per year, for three years, at a cost of $5,000 per injection. Mejia had chronic pain at the time of trial and Dr. Tontz anticipated the chronic pain would continue. To deal with the pain, with a reasonable certainty, Mejia would require visits to a pain management or other specialist for flare-ups of pain. The initial charge would be $400, with follow-up visits costing $250. The ability to see a physician for chronic pain would last through the end of her life, to a reasonable degree of medical certainty. Dr. Tontz also stated that he sometimes recommended acupuncture, but it was not typically the first-line recommendation.

In ruling on the motion for JNOV, the court recited that "Dr. Tontz testified it was his opinion that [Mejia] would need future care to a reasonable degree of certainty. . . . . [Mejia] would very much desire to continue acupuncture from Aculife . . . because she would obtain relief from her pain as a result of that treatment. Together, substantial evidence was

8

presented that it was reasonably certain [Mejia] would require future acupuncture treatments." It then found insufficient evidence of the reasonable cost of future acupuncture treatment, and granted JNOV on that ground.

C. *Analysis*

The testimony of a single witness, including an expert witness, can provide substantial evidence to support a verdict. (*Johnson & Johnson Talcum Powder Cases* (2019) 37 Cal.App.5th 292, 314.) One reasonable inference the jury could draw was that Mejia's future medical expenses would total $140,000, based on Dr. Tontz's testimony: $90,000 for cervical injections, given in a series of three, twice a year, for three years, at a cost of $5,000 each; and four visits to a pain management specialist per year, at $250 per visit, for the rest of her life, stretching about fifty years,[6] for a total of $50,000. This substantial evidence supported the jury verdict awarding $125,000 for future medical expenses.

In reviewing substantial evidence, a court is not to pick and choose amongst the evidence presented, or determine the basis of the jury's decision, but simply to review the evidence and determine if *any* substantial evidence, or reasonable inferences therefrom, could support the verdict. The verdict here was for "future medical expenses," not for future acupuncture treatment. It was therefore error to grant JNOV when substantial evidence in the record supported the jury verdict. (*Tognazzini*, *supra*, 86 Cal.App.4th at p. 1058; *Cochrum*, *supra*, 25 Cal.App.5th at p. 1045; *Gonzales*, *supra*, 6 Cal.App.5th at pp. 946–947.)

The trial court erred because it accepted, and limited itself to, Vu's contention that the award was based solely on future *acupuncture* treatment,

---

6    Mejia was born in 1986.

and found no evidence of the cost of future acupuncture treatments. The trial court erred in failing to view the evidence in the light most favorable to the party that obtained the verdict and failing to disregard conflicting evidence. (*Cochrum*, *supra*, 25 Cal.App.5th at p. 1044.) The court made an unwarranted choice among conflicting evidence, ignoring the substantial evidence of the cost of recommended future medical treatments that was provided by Dr. Tontz, impliedly judging the credibility of the witnesses and giving more weight to Mejia's statement of wanting further acupuncture treatment than to Dr. Tontz's testimony of future medical treatments that were reasonably necessary. The court erred because it did not view the evidence in the light most favorable to the verdict, it did not indulge every legitimate inference from the evidence in favor of Mejia, and it disregarded the evidence that supported the verdict. (*Tognazzini*, *supra*, 86 Cal.App.4th at p. 1058; *Cochrum*, *supra*, 25 Cal.App.5th at p. 1044; *Gonzales*, *supra*, 6 Cal.App.5th at pp. 946–947.)

### D. *Juror Declarations*

Vu submitted six identical declarations from jurors in support of its motion for JNOV. Each stated in part, "I participated in all jury deliberations and I am familiar with the Special Verdict form . . . . [¶] . . . The jury awarded the plaintiff $125,000 for future medical expenses . . . . [¶] . . . The jury did not award the cervical injections claimed by the plaintiff as a future medical expense. Instead, the $125,000 award for future medical expenses was for future acupuncture."

Vu contends that Mejia cannot complain about the juror declarations on appeal because she has not shown that she objected to them below. The failure to object "is of no moment. '[E]vidence that violates Evidence Code section 1150 is not merely inadmissible; it is irrelevant—"of no jural

10

consequence." [Citation.]' " (*In re Hansen* (2014) 227 Cal.App.4th 906, 928–929.) It is not necessary to object in the trial court to preserve this contention on appeal. (*Ibid.*)

The court did not comment on these declarations and did not refer to them in its written order. As noted above, it relied on Mejia's testimony that she would like to continue acupuncture treatments as the foundation for its discussion of lack of evidence of the cost of future acupuncture treatments. To the extent the court's reasoning was influenced by the juror declarations, the court erred. " ' "[T]he purpose of a motion for judgment notwithstanding the verdict is not to afford a review of the jury's deliberation . . . ." [Citation.]' [Citation.]" (*Trujillo, supra*, 63 Cal.App.4th at p. 284.)

It is error to consider evidence concerning the mental processes by which jurors reach a verdict. (Evid. Code, § 1150, subd. (a).) " 'Evidence of jurors' internal thought processes is inadmissible to impeach a verdict. [Citations.] . . . Juror declarations are admissible to the extent that they describe overt acts constituting jury misconduct, but they are inadmissible to the extent that they describe the effect of any event on a juror's subjective reasoning process. [Citation.] Accordingly, juror declarations are inadmissible to the extent that they purport to describe . . . how [jurors] arrived at their verdict. [Citations.]' " (*Harb v. City of Bakersfield* (2015) 233 Cal.App.4th 606, 623.) Statements by a juror of the bases for his or her vote are " ' "simply a verbal reflection of the juror's processes. Consideration of such a statement as evidence of those processes is barred by Evidence Code section 1150." ' " (*Guernsey v. City of Salinas* (2018) 30 Cal.App.5th 269, 283.)

E. *Conclusion*

The court erred even if it ignored the juror declarations and relied on Mejia's statement about her preference. The court may not pick and choose amongst the evidence in determining whether substantial evidence supported the verdict. (*Tognazzini*, *supra*, 86 Cal.App.4th at pp. 1057–1058.) To the contrary, the trial court was obliged, and we are obliged on review, to " '*indulge every legitimate inference to support the verdict.*' " (*Cochrum*, *supra*, 25 Cal.App.5th at p. 1045.)

The verdict was for "future medical expenses," unspecified. It was not limited to future acupuncture treatment. The trial court erred in failing to view the evidence in the light most favorable to the party that obtained the verdict and failing to disregard conflicting evidence. (*Cochrum*, *supra*, 25 Cal.App.5th at p. 1045.) We reverse the JNOV.

3. <u>New Trial</u>

Following the procedure set out in the statute governing JNOV, section 629, the court granted the new trial motion conditionally, " 'effective only if, on appeal, the judgment notwithstanding the verdict is reversed, and the order granting the new trial is not appealed from or, if appealed from, is affirmed.' " (§ 629, subd. (d).) When the new trial is conditional on the fate of the JNOV on appeal, the appellate court's ruling on the JNOV is dispositive. (*In re Coordinated Latex Glove Litigation* (2002) 99 Cal.App.4th 594, 614; *Fountain Valley Chateau Blanc Homeowner's Assn. v. Department of Veterans Affairs* (1998) 67 Cal.App.4th 743, 752-753.) We review the substance of the motion, not its form. (*Latex Glove*, at p. 614.) We reverse the conditional order for new trial for the same reasons we reversed the JNOV. (*Ibid.*)

12

DISPOSITION

We reverse the amended judgment of September 20, 2019, and the conditional order for new trial. We remand to the superior court with directions to strike the amended judgment and to reinstate the judgment of May 14, 2019. Costs awarded to Mejia.

BENKE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

GUERRERO, J.

13